Elizabeth Wolstein
Partner

212 612-0688
ewolstein@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

December 9, 2020

BY ECF
Hon. Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Cruz v. Santana,* No. 20-CV-891 (EK) (SJB)

Dear Judge Bulsara:

We represent Defendant Henry Santana in the above-referenced *Bivens* action. In anticipation of the December 11, 2020 initial conference, we write respectfully to request a stay of Phase II Discovery, other than as to document requests and interrogatories, in light of Plaintiff's stated intention to file a further amended complaint adding the United States as a defendant on claims seeking relief under the Federal Tort Claims Act ("FTCA"). *See* Dkt. No. 10 (Amended Complaint) ¶ 80. Plaintiff's counsel consents to this request and has reviewed a draft of this letter. Despite our stay request, in accordance with the Court's September 22, 2020 Scheduling Order the parties have conferred on a discovery plan and are separately filing our Discovery Plan Worksheet, a copy of which is attached hereto as Exhibit A. The instant request seeks to hold in abeyance the dates set forth in the Worksheet for Phase II that are subsequent to the proposed March 24, 2020 deadline for serving initial document requests and interrogatories, pending Plaintiff's filing of a further amended complaint.

The reason for requesting a stay of the portions of Phase II discovery and motion practice subsequent to written discovery is to ensure that depositions and expert discovery proceed on a single schedule for all defendants. In his Amended Complaint filed May 7, 2020, Plaintiff stated his intention to file a further amended complaint adding the United States (the "Government") as a Defendant. During a recent phone conference to discuss the parties' discovery plan, Plaintiff's counsel informed us that Plaintiff's FTCA administrative claim remains pending, and confirmed Plaintiff's intention to file a further amended complaint joining the Government as a defendant in the event his administrative claim is denied. Assuming such a denial for purposes of this discussion, once joined the Government will have 60 days to respond to a further amended complaint, with the result that, under the deadlines proposed in the parties' Worksheet, depositions involving the current parties would likely be

Hon. Sanket J. Bulsara
December 9, 2020
Page 2

underway before expiration of the Government's time to respond to the further amended complaint. Such a scenario would result in a burdensome and costly duplication of discovery. If the current parties were ready to depose fact witnesses before the Government has produced documents, for example, there could be grounds to seek to re-depose such witnesses in light of later-produced documents. Having all parties on a single case schedule similarly minimizes piecemeal motion practice in the event disputes arise relating to depositions or expert discovery. It would be both fairer and more efficient for all parties if the case were to proceed on a uniform deposition and expert discovery schedule.

The requested stay does not seek to stay Phase I discovery or written fact discovery. The parties have already exchanged our Rule 26(a) Initial Disclosures, have proposed dates in our Worksheet for the remaining Phase I deadlines, and expect to serve written discovery requests before a further amended complaint is filed.

For the foregoing reasons, Defendant requests, with Plaintiff's consent, that Phase II Discovery and Motion practice, other than written fact discovery, be stayed pending the filing of a further amended complaint joining the Government as a defendant.

Thank you for your consideration of this matter.

Respectfully,

*Elizabeth Wolstein*

Elizabeth Wolstein

Cc:   Baree Fett, Esq. (via ECF)
      Gabriel P. Harvis, Esq. (via ECF)