UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERICK DIAZ CRUZ,<br><br>                              Plaintiff,<br><br>         -against-<br><br>HENRY V. SANTANA, Officer of U.S. Immigration and Customs Enforcement,<br><br>                              Defendant. | 20 CV 891 (EK) (SJB) |

Plaintiff's Memorandum of Law in Support of his
Motion Seeking Adjustment of the Rule 16 Amendment
Deadline

Elefterakis, Elefterakis & Panek
80 Pine Street, 38th Floor
New York, New York 10005

December 23, 2020

<u>Table of Contents</u>

Preliminary Statement.................................................................................................. 1

Governing Standard .................................................................................................... 1

Argument..................................................................................................................... 2

   The Amendment Deadline Should be Adjourned to April 20, 2021 ..................... 2

Conclusion................................................................................................................... 5

## Preliminary Statement

If it should please the Court, plaintiff Erick Diaz Cruz respectfully seeks partial reconsideration of the Rule 16 Scheduling Order entered on December 15, 2020. Subsequent to the initial conference on December 11, 2020, the United States disclosed information to plaintiff that bears on plaintiff's ability to comply with the amendment deadline as recently set by the Court.

Plaintiff respectfully seeks adjustment of the amendment deadline to avoid severe and potentially dispositive prejudice that could result from premature amendment.

To the extent the Court is disinclined to reconsider its prior decision, plaintiff respectfully requests, in the alternative, that the amendment deadline be adjusted under the good cause standard.

## Governing Standard

Local Civil Rule 6.3 requires a party seeking reconsideration of a prior order to set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." E.D.N.Y. Local Civil Rule 6.3. "As a general rule, motions for reconsideration are granted only if the moving party can point to some controlling decision or data 'that might reasonably be expected to alter the conclusion reached by the court.'" *De Oliveira v. Bessemer Trust Co., N.A.*, 09 CV 713 (PKC), 2010 WL 2541230, *1 (S.D.N.Y. June 14, 2010) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). "While a court may grant the motion 'to correct a clear error

of law or prevent manifest injustice,' a motion to reconsider should not be granted where the moving party seeks solely to revisit an issue already decided." *Id.* (quoting *Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d Cir. 2004)).

"Under Rule 16(b), a party may obtain a modification of the scheduling order only upon a showing of good cause. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) (citation and internal quotation marks omitted). "[G]ood cause depends on the diligence of the moving party." *Id* ((citation and internal quotation marks omitted).

<u>Argument</u>

<u>The Amendment Deadline Should be
Adjourned to April 20, 2021</u>

Under the Rule 16 scheduling order entered on December 15, 2020, plaintiff's deadline to amend the complaint is set at January 29, 2021.

As the Court may recall, the purpose of the contemplated amendment is to assert claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"). However, in order to satisfy the jurisdictional requirements of the FTCA, plaintiff must exhaust administrative remedies before commencing litigation on that claim. *See, e.g., Celestine v. Mount Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in federal court. This requirement is jurisdictional and cannot be waived").

2

If plaintiff were to file his FTCA claim and the Court were to later determine that plaintiff had failed to exhaust, his FTCA claim would be subject to dismissal. *See, e.g., McNeil v. United States,* 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suits in federal court until they have exhausted their administrative remedies. Because petitioner has failed to heed that clear statutory command, the District Court properly dismissed his suit.").

Further, in light of the FTCA judgment bar set forth in 28 U.S.C. § 2676, it could be argued that an adverse judgment on the FTCA claims would also extinguish plaintiff's *Bivens* claims against defendant Santana. *See Simmons v. Himmelreich*, 136 S. Ct. 1843, 1846 (2016) (considering this argument).

Against this backdrop and following the initial conference on December 11, 2020, the undersigned counsel spoke with Brian Boyd, Esq., in the Office of the Principal Legal Advisor at the U.S. Immigration and Customs Enforcement Agency ("ICE"), the attorney assigned to investigate plaintiff's pending administrative claim.

During the December 11th call, Mr. Boyd communicated that: 1) the government is actively investigating the circumstances surrounding plaintiff's injuries, which, according to the assigned attorney, may or may not include a criminal investigation of the shooting incident (he did not know); 2) this investigation has inhibited Mr. Boyd from obtaining documents necessary to adjust plaintiff's administrative claim or issue a

denial letter; and 3) given plaintiff's provision of supporting documentation at the government's request on October 19, 2020, the government does not concede constructive denial of the administrative claim at this point.[1,2]

Under the current schedule and assuming, as appears likely, that a denial letter will not be issued by January 29, 2021, plaintiff must decide between commencing his FTCA claim in a manner that could be deemed premature and jeopardize all of his claims or violating the scheduling order of this Honorable Court in the hope that he may later meet the heavy burden of establishing good cause to amend outside of the deadline.

Particularly given the gravity of the claims at issue here and the potential prejudice that could befall Mr. Diaz Cruz, plaintiff respectfully submits that this recently-disclosed information provides good cause to adjust the January 29, 2021 amendment deadline.

---

[1] Beginning upon the agency's "notice of final denial of the claim," plaintiff has six months within which to commence a lawsuit. 28 U.S.C. § 2401(b). "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).

[2] If it should please the Court, plaintiff is setting forth these facts in this memorandum because Local Civil Rule 6.3 prohibits the filing of affidavits, except by Court direction. To the extent it would assist the Court's determination of the instant motion, the undersigned respectfully requests leave to submit a declaration by counsel attesting to these facts.

4

Conclusion

Accordingly, plaintiff respectfully requests that the Court amend the scheduling order to set the deadline for amendment of the pleadings at April 20, 2021, at which point constructive denial will have occurred under any analysis.[3]

Dated:   December 23, 2020
         Briarcliff Manor, New York

>                    Elefterakis, Elefterakis & Panek
>
>                    _____
>                    Gabriel P. Harvis
>                    80 Pine Street, 38th Floor
>                    New York, New York 10005
>                    (212) 532-1116
>
>                    *Attorneys for plaintiff*

---

[3] Plaintiff has conferred with counsel for defendant Santana and he does not oppose the instant request with the caveats that (i) if the administrative claim is denied the plaintiff should be required to seek leave to file his amended complaint by the earlier of 30 days after the denial, or 4/20/2021, and (ii) Mr. Santana reserves the right to oppose leave to amend if amendment is sought on any basis other than to add the United States as a party.