Elizabeth Wolstein
Partner

212 612-0688
ewolstein@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

May 3, 2021

BY ECF
Honorable Eric R. Komitee
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Cruz v. Santana, et al.,* No. 20-CV-891 (EK) (SJB)

Dear Judge Komitee:

We represent Defendant Henry Santana in the above-referenced *Bivens* action. We write respectfully to request a pre-motion conference concerning Defendant's intended motion to dismiss, pursuant to Rule 12(b)(6), the Second Amended Complaint ("Complaint") filed on April 20, 2021. As set forth below, the Complaint fails to state a *Bivens* claim for excessive force under either the Fourth and Fifth Amendments.

**The Complaint**

The Complaint alleges that while visiting his mother in Brooklyn, Plaintiff awoke to banging on the door and shouting from the street. Cmplt. ¶¶ 2, 10, 21, 22. When he left the house, Plaintiff saw Mr. Santana, an Immigration and Customs Enforcement ("ICE") officer, and another ICE agent "engaged in a struggle" with Gaspar Avendaño-Hernandez, Plaintiff's mother's "long-time partner." *Id.* ¶¶ 2, 12, 13. Plaintiff saw the agents "wrestling with Mr. Avendaño-Hernandez, repeatedly using a taser on him, and attempting to place him in handcuffs and move him towards their vehicle." *Id.* ¶ 29.

When Avendaño-Hernandez ran away from the ICE agents, Mr. Santana ran after him and tried to pull him back toward the street, but Avendaño-Hernandez grabbed onto a pole. Cmplt. ¶¶ 30-32. According to the Complaint, Plaintiff then walked toward Avendaño-Hernandez and Santana, stood between the former and the house, did nothing threatening, and Defendant shot him without warning. *Id.* ¶¶ 45, 48. The Complaint knowingly omits any mention of Plaintiff's continuous pummeling of Mr. Santana on the latter's arm and face in an effort to loosen Santana's grip on Avendaño-Hernandez.

Plaintiff's *Bivens* claims assert that Mr. Santana's shooting of Plaintiff violates the Fourth Amendment and substantive due process under the Fifth Amendment. *Id.* ¶¶ 80, 84. Plaintiff seeks a declaratory judgment, compensatory and punitive damages, and attorneys' fees.

Honorable Eric R. Komitee
May 3, 2021
Page 2

> I. **The Complaint Fails To State A Bivens Claim For Violation Of The Fourth Or Fifth Amendments**

The Complaint fails to state a *Bivens* claim for excessive force under either the Fourth or Fifth Amendments. There is no existing *Bivens* remedy for excessive force applied to one who claims to be a bystander to the attempted arrest of a third party—or under the facts known to Plaintiff but omitted from the Complaint—and no viable legal basis to create such a remedy.

In *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court created "a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures." *Ziglar v. Abassi*, 137 S. Ct. 1843 (2017). "Since then,

> the Supreme Court has recognized *Bivens* claims in only two other circumstances: (1) under the Fifth Amendment's Due Process Clause for gender discrimination against a congressman for firing his female secretary, *Davis v. Passman*, 442 U.S. 228 (1979), and (2) under the Eighth Amendment's prohibition on cruel and unusual punishment against prison officials for failure to treat an inmate's asthma which led to his death, *Carlson v. Green*, 446 U.S. 14 (1980).

*Rivera v. Samilo*, 370 F. Supp.3d 362, 366 (E.D.N.Y. 2019) (parallel cites omitted). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar*, 137 S. Ct. at 1855; *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) (Court has "consistently refused to extend *Bivens* liability to any new context or new category of defendants"); *Arar v. Ashcroft*, 585 F.3d 559, 571 (2d Cir. 2009) ("Since Carlson in 1980, the Supreme Court has declined to extend the Bivens remedy in any new direction at all.").

Under *Zigler* "a rigorous two-step inquiry" determines whether the court should "imply a *Bivens* cause of action in a new context." *Rivera*, 370 F. Supp.2d at 367. First, the court determines whether the case is "different in a meaningful way" from the Supreme Court's three prior *Bivens* cases. *Zigler*, 137 S. Ct. at 1859. If it is, the court may not create a new *Bivens* remedy "if there are special factors counselling hesitation in the absence of affirmative action by Congress." *Id*. at 1857 (internal quotation marks omitted). The availability of alternative remedies, such as the Federal Tort Claims Act, is a "special factor counseling against an implied right of action" in a new *Bivens* context. *Rivera*, 370 F. Supp.3d at 370.

The *Zigler* analysis makes clear that no *Bivens* remedy exists, and no new remedy is warranted, to redress a claim of excessive force by a person who is either a bystander to (per

Honorable Eric R. Komitee
May 3, 2021
Page 3

the Complaint) or interferes with (true facts known to Plaintiff) an attempted arrest of a third party. Courts have so concluded as to excessive force claims brought by arrestees. *See Sosa v. Bustos*, 2020 U.S. Dist. LEXIS 71362, at *11-12 (S.D.N.Y. Apr. 22, 2020) (arrestee's *Bivens* claim for excessive force is new *Bivens* context and availability of FTCA remedy counsels hesitation in creating new remedy); *Rivera*, 370 F. Supp.3d at 369-371 (same).[1] The facts here, involving no arrestee, are even further removed from the original *Bivens* context and the existence of an FTCA remedy should be equally dispositive in counseling hesitation.

## II. The Complaint Fails To State A *Bivens* Fourth Amendment Claim For The Additional And Independent Reason That There Was No Seizure Of Plaintiff

In addition, even if the court were to create a new *Bivens* remedy, the Complaint makes clear there was no seizure of Plaintiff, precluding any Fourth Amendment claim as a matter of law.

The Supreme Court recently clarified that distinct analyses apply to seizures by force and seizures by control. *See Torres v. Madrid*, 209 L. Ed.2d 190, 206 (Mar. 25, 2021). As to a seizure by force as alleged here, "[a] seizure requires the use of force *with intent to restrain*." *Id*. at 203 (emphasis in original). The Court expressly rejected a test that has been applied in this Circuit, namely, that a seizure occurs "'when there is a government termination of freedom of movement through means intentionally applied.'" *Id*. at 206 (quoting *Brower v. County of Inyo*, 489 U. S. 593, 596 (1989)).

The Complaint alleges no facts reflecting an intent by Defendant to restrain Plaintiff. Rather, Mr. Santana was attempting to restrain—arrest—*someone else*, Mr. Avendaño-Hernandez. Plaintiff claims he merely arrived on the scene of their struggle and Defendant shot him. These alleged facts do not constitute a seizure of Plaintiff as a matter of law.

Finally, Defendant intends also to seek a stay of discovery. Mr. Santana has no authority to produce ICE documents, which can be produced by co-defendant the United States, and he has already produced, or will produce this week, all responsive documents he is authorized to produce other than his personal (non-ICE) ESI. In these circumstances, the lack of prejudice and merit of the intended motion favor a stay. *See, e.g.*, *Lawson v. Rubin*, No. 17-cv-6404 (BMC), 2018 U.S. Dist. LEXIS 238295, at *4, *7 (E.D.N.Y. Mar. 7, 2018).

---

[1] Courts have also come out the other way, *see Sosa v. Bustos*, 2020 U.S. Dist. LEXIS 71362, at *11-12 (S.D.N.Y. Apr. 22, 2020) (acknowledging cases), but those cases are either not in line with *Zigler* or factually distinguishable or both.

Honorable Eric R. Komitee
May 3, 2021
Page 4

Respectfully,

*Elizabeth Wolstein*

Elizabeth Wolstein

Cc:     Gabriel P. Harvis, Esq.  and Baree Fett, Esq. (via ECF)