Elizabeth Wolstein
Partner

212 612-0688
ewolstein@schlamstone.com

**SCHLAM STONE & DOLAN LLP**

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

July 2, 2021

<u>BY ECF</u>
Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Cruz v. Santana, et al.,* No. 20-CV-891 (EK) (SJB)

Dear Judge Bulsara:

We represent Defendant Henry V. Santana in the above-referenced *Bivens* and Federal Tort Claims Act action.

We write respectfully to request a stay of discovery pending resolution of Mr. Santana's motion to dismiss the Second Amended Complaint ("Complaint") for failure to state a claim.[1] In the event the Court is not inclined to grant a stay of discovery, Mr. Santana requests in the alternative a 90-day extension of the July 10, 2021 deadline for completing fact discovery, without prejudice to a further extension.  Additionally, Mr. Santana requests an adjournment of the July 14, 2021 settlement conference pending resolution of his motion to dismiss and/or the government's filing of its response to the Complaint.

Plaintiff's counsel opposes the request for a stay of discovery.  Concerning extension of the July 10 fact discovery deadline, during a July 1 telephonic meet and confer Plaintiff's counsel acknowledged the need for a stay of discovery, but has not substantively responded to our subsequently emailed request for his position on a 90-day extension.  Concerning adjournment of the settlement conference, Plaintiff's counsel stated during the meet and confer that Plaintiff opposes adjournment of the conference.  By contrast, the government's June 25, 2021 stay letter (dkt. no. 37) states that Plaintiff does not object to adjournment of the settlement conference.

Government counsel does not object to a stay of discovery or adjournment of the settlement conference.  Indeed, the government's request for a stay of the case (dkt. no. 37) encompasses

---

[1] The motion to dismiss was served on June 21, 2021, but was not filed, in compliance with Rule III.C.2 of Judge Komitee's Individual Practices and Rules.  We requested a stay of discovery as part of the motion.  Because such a request is more appropriately addressed to Your Honor, we intend to withdraw the stay request included in the motion to dismiss in order to pursue this instant motion to stay before Your Honor.

Honorable Sanket J. Bulsara
July 2, 2021
Page 2

the relief requested in this motion, and expressly seeks adjournment of the settlement conference, a request joined by Mr. Santana as set forth below.

### I. Background: The Allegations Of The Complaint

The Complaint (dkt no. 29) alleges that while visiting his mother in Brooklyn, Plaintiff awoke to banging on the door and shouting from the street. Cmplt. ¶¶ 2, 10, 21, 22. When he left the house, Plaintiff saw Mr. Santana, an Immigration and Customs Enforcement ("ICE") officer, and another ICE agent "engaged in a struggle" with Gaspar Avendaño-Hernandez, Plaintiff's mother's "long-time partner." *Id.* ¶¶ 2, 12, 13. Plaintiff saw the agents "wrestling with Mr. Avendaño-Hernandez, repeatedly using a taser on him, and attempting to place him in handcuffs and move him towards their vehicle." *Id.* ¶ 29.

When Avendaño-Hernandez ran away from the ICE agents, Mr. Santana ran after him and tried to pull him back toward the street, but Avendaño-Hernandez grabbed onto a pole. Cmplt. ¶¶ 30-32. According to the Complaint, Plaintiff then walked toward Avendaño-Hernandez and Santana, stood between the former and the house, did nothing threatening, and Mr. Santana shot him without warning. *Id.* ¶¶ 45, 48. The Complaint knowingly omits any mention of Plaintiff's continuous pummeling of Mr. Santana on his arm and face in an effort to loosen his grip on Avendaño-Hernandez.

Based on these allegations, Plaintiff asserts *Bivens* claims against Mr. Santana for violation of the Fourth Amendment and substantive due process under the Fifth Amendment, *id.* ¶¶ 80, 84, and a Federal Tort Claims Act ("FTCA") claim against the United States. *Id.* ¶¶ 85-86.

### II. The Court Should Stay Discovery Pending Resolution Of Mr. Santana's Motion To Dismiss

This Court has "considerable discretion" to stay discovery "upon a showing of good cause." *Lawson v. Rubin*, No. 17-CV-6404 (BMC), 2018 WL 4211446, at *1 (E.D.N.Y. Mar. 7, 2018). In determining whether a party has shown "good cause," courts typically consider three factors: "(1) whether the defendant has made a strong showing that plaintiff's claims are unmeritorious; (2) the breadth of discovery and burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* at *1. A stay of discovery should serve "[t]he interests of fairness, economy, and efficiency." *United States v. County of Nassau*, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999). Here, each factor supports a stay.

*First*, Mr. Santana has made a strong showing that Plaintiff's claims are unmeritorious. As demonstrated in Mr. Santana's memorandum of law in support of the motion to dismiss, the

Honorable Sanket J. Bulsara
July 2, 2021
Page 3

Complaint fails to allege a cognizable *Bivens* claim for multiple reasons.  Mr. Santana respectfully refers the Court to his moving brief, which is incorporated in this letter by reference, for his showing on the lack of merit to Plaintiff's *Bivens* claims.  Because the motion to dismiss has not been filed, a copy of the moving brief is attached to this letter as Exhibit A.  The arguments for dismissal appear at pages 4-23.  Those arguments, if successful, are dispositive of all claims against Mr. Santana.  *See Valentini v. Group Health Inc.*, No. 20 Civ. 9526 (JPC), 2021 WL 861275, at *1 (S.D.N.Y. Mar. 8, 2021) (granting stay where there were "several substantial arguments in favor of dismissal"); *Niv v. Hilton Hotels Corp.*, No. 06 Civ. 7839 (PKL), 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (granting stay where defendants' motion "appears not to be unfounded in the law").

*Second*, the breadth of discovery in this action is substantial, despite the narrow fact issues, as it will likely require the collection, processing, and review of documents across multiple messaging applications, social media accounts, and email accounts, as the parties have already discussed during a meet and confer.  Plaintiff's Initial Disclosures identify multiple non-party witnesses who may need to be deposed, some of whom will need to be located.  And both sides will need discovery from co-defendant the United States, which is in possession of all official ICE documents.

The burden of discovery is heightened in this case given that Plaintiff is a "is a Mexican national who lives in" Mexico. Cmplt. ¶ 10.  Therefore, essential witnesses, including Plaintiff, as well as documents, may be located outside the United States.  And, in any event, the collection and review of documents will likely require the engagement of translation services.  *See Niv*, 2007 WL 510113, at *2 (finding burden and granting stay where, among other things, "[d]iscovery in any forum will likely require, *inter alia,* the translation, review, and production of Hebrew and Arabic documents").

Compounding the burden is the likelihood that discovery disputes will have to be litigated.  We have already raised, for example, complaints about deficiencies in Plaintiff's initial disclosures, which Plaintiff has declined to correct.  We have disputes with some of Plaintiff's interrogatory responses that will have to be litigated if they cannot be resolved, one example of which is discussed in Point III below.

*Third*, there is no risk of unfair prejudice to Plaintiff: if the motion is denied, the parties can promptly resume discovery.  Indeed, while Mr. Santana has produced most of the documents in his possession—including, among other things, photographs of and medical records relating to the injuries he sustained from Plaintiff's attack—and has answered interrogatories, Plaintiff only recently, on June 23, 2021, served written responses to Mr. Santana's discovery requests after requesting multiple extensions, and only yesterday produced an initial installment of 27 pages of documents.  In addition, discovery has not yet begun as to the United States, which has not yet responded to the Complaint and has requested a stay of the case (dkt. no. 37).  Given the early stage of the case, a stay would cause no prejudice to

Honorable Sanket J. Bulsara
July 2, 2021
Page 4

Plaintiff.  *See Giminez v. Law Offices of Hoffman & Hoffman, No*. CV-12-0669 (JFB) (ETB), 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) (no prejudice where actions were "in their infancy").

### III.  In The Alternative, The Fact Discovery Deadline Should Be Extended By 90 Days

If the Court declines to stay discovery, Mr. Santana requests a 90-day extension of the July 10 fact discovery deadline.  While Mr. Santana has produced the bulk of his documents—everything except a limited universe of ESI materials requiring a vendor to process—Plaintiff produced 27 pages of documents yesterday as an initial production but no other documents.  Among other deficiencies, Plaintiff has failed to answer interrogatories seeking identification of persons with relevant photographic and video evidence (*see* Exh. B at page 3, nos. 3 and 4), failures that will have to be litigated if they cannot be resolved given the importance of such evidence to Mr. Santana's defense.  Plaintiff's counsel stated during the July 1 meet-and-confer that their expected date for production of responsive documents is July 16, after the July 10 fact discovery deadline.

In addition, given that the government has sought a stay of the case, relevant documents and information in the government's possession are unavailable to Mr. Santana.  In particular, the Department of Homeland Security ("DHS") and/or possibly other agencies are in possession of a video of the events at issue that we have reason to believe supports Mr. Santana's defense.  Based on all of these facts, we do not believe an extension of fewer than 90 days provides a realistic deadline for completing discovery.  Given the government's stay request, Mr. Santana submits that any extension should be granted without prejudice to seeking a further extension in the future.

### IV.  The July 14, 2021 Settlement Conference Should Be Adjourned

Finally, Mr. Santana submits that a settlement conference would not be an efficient use of the Court's and the parties' resources at this juncture.  As explained in our prior adjournment request, DHS will not entertain an indemnification request before entry of an adverse judgment absent exceptional circumstances.  *See* https://www.dhs.gov/xlibrary/assets/foia/mgmt_directive_0415_indemnification_employees_acting_official_capacity.pdf. (Part VI.C).  In addition, the government's lack of access to documents and information that would enable it to respond to the Complaint, *see* dkt. no. 37, at 1, makes it unlikely that the government will be able to develop a meaningful settlement position.  Indeed, the government's June 25 letter likewise seeks to adjourn the July 14 settlement conference, a request Mr. Santana joins.  Finally, in the period since the Court scheduled the July 14 settlement conference, Mr. Santana has made what we submit is a meritorious motion to dismiss.

Honorable Sanket J. Bulsara
July 2, 2021
Page 5

In sum, the Court should (i) stay discovery pending resolution of Mr. Santana's motion to dismiss, and (ii) adjourn the July 14, 2021 settlement conference pending resolution of Mr. Santana's motion to dismiss and/or the government's response to the Complaint.  If the Court does not grant the discovery stay, the Court should extend the July 10 fact discovery deadline by 90 days, to October 8, 2021, without prejudice to Mr. Santana seeking further extensions.

Respectfully,

Elizabeth Wolstein

Cc: (via ECF)
    Gabriel P. Harvis, Esq.
    Baree Fett, Esq.
    Assistant U.S. Attorney Dara Olds, Esq.