# Exhibit B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

---

ERICK DIAZ CRUZ,

Plaintiff,

-against-

THE UNITED STATES OF AMERICA, *et ano.*,

Defendants.

---

**20 CV 891 (EK) (SJB)**

### PLAINTIFF'S RESPONSE TO DEFENDANT SANTANA'S FIRST SET OF DISCOVERY DEMANDS

### <u>GENERAL OBJECTIONS</u>

1.    By responding to any request or by producing any document, plaintiff does not waive any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence in any subsequent proceeding, including the trial of this or any other action.

2.    Plaintiff objects to the defendant Santana's Document Requests to the extent that they demand documents and/or information which are protected by the attorney-client privilege, work-product privilege, or any other applicable privilege or immunity. Privileged information will not be produced and will be scheduled in accordance with Local Civil Rule 26.4.

3.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of plaintiff's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

1

4.      Plaintiff objects to defendant Santana's requests to the extent they call for production of documents whose release could cause annoyance, embarrassment, oppression, and/or undue burden or expense, or which are publicly available or already in the custody and control of defendant Santana. Plaintiff will only produce such documents subject to an order by the Court.

5.      Plaintiff is continuing to search for information responsive to defendant Santana's requests and therefore reserves the right to supplement the response to each request with additional information, if and when such information becomes available to plaintiff's counsel. Plaintiff also reserves the right to object to the future disclosure of any such information.

6.      In addition to the foregoing, plaintiff incorporates and adopts the General Objections asserted by defendant Santana in his responses and objections to plaintiff's interrogatory and document requests dated April 7, 2021.

### Plaintiff's Responses to the Interrogatories

1.      Identify all individuals You believe witnessed any part of the Events of February 6, including but not limited to each of the "bystanders and neighbors" who "were standing near the confrontation observing," as referred to in Paragraph 26 of the Complaint.

**Plaintiff's Response:**

Subject to and without waiving his General Objections, plaintiff states, pursuant to Fed. R. Civ. P. 33(d), that the answer to this Interrogatory may be determined by examining plaintiff's Initial and Supplemental Disclosures.

2.      For all individuals identified in response to interrogatory number 1, state their email addresses, cell phone numbers, social media usernames, and WhatsApp (or similar messaging service) usernames and profiles.

2

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, overbroad, unduly burdensome, disproportional, seeks irrelevant information beyond the scope of Rule 26 and information in the sole possession of third parties. Notwithstanding, and without waiving or in any way limiting these objections or plaintiff's General Objections, *see* prior response.

3.      Identify all individuals and entities who took or have possession of any Video Recording or audio recording that depicts any part of the Events of February 6, including but not limited to cell phone videos referred to in Plaintiff's Initial Disclosures.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this interrogatory seeks information that is not in plaintiff's possession, custody or control and seeks information in the possession of defendant Santana and third parties. Notwithstanding, and without waiving or in any way limiting these objections or plaintiff's General Objections, plaintiff refers defendants to his initial and supplemental disclosures and states that he is producing all responsive videos in his possession, custody or control.

4.      Identify all individuals and entities who took or have possession of any photographs depicting any part of the Events of February 6, including but not limited to photographs referred to in Plaintiff's Initial Disclosures.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this interrogatory seeks information that is not in plaintiff's possession, custody or control and seeks information in the possession of defendant Santana and third parties. Notwithstanding, and without waiving or in any way limiting these objections or plaintiff's General Objections, plaintiff refers defendants to his initial and supplemental disclosures and states that he is producing all responsive photographs in his possession, custody or control.

5.      State whether, at any point before Defendant fired a gun as referred to in

paragraph 39 of the Complaint, Plaintiff ever caused any part of his body to come into contact with any part of Defendant's body, and if the answer is yes, describe the nature and extent of the contact.

**Plaintiff's Response:**

Plaintiff objects to this request on the grounds that it is unduly burdensome in that the inquiry calls for a complex narrative response and is therefore appropriately explored at deposition rather than propounded in an interrogatory. *See, e.g., Kennedy v. Cont. Pharmacal Corp.*, 12 CV 2664 (JFB) (ETB), 2013 WL 1966219, *1 (E.D.N.Y. May 13, 2013) (collecting cases).

6.      Explain what prompted You to "walk[] towards Mr. Avendaño-Hernandez and Defendant Santana" as alleged in paragraph 32 of the Complaint.

**Plaintiff's Response:**

Plaintiff objects to this request on the grounds that it is unduly burdensome in that the inquiry calls for a complex narrative response and is therefore appropriately explored at deposition rather than propounded in an interrogatory. *See, e.g., Kennedy v. Cont. Pharmacal Corp.*, 12 CV 2664 (JFB) (ETB), 2013 WL 1966219, *1 (E.D.N.Y. May 13, 2013) (collecting cases).

7.      State your understanding, as of the moment You "walked towards" Mr. Avendaño-Hernandez as alleged in paragraph 32 of the Complaint, of why Mr. Avendaño- Hernandez "ran away from Defendant Santana and John Doe 2," and why "Defendant Santana ran after him," as alleged in paragraph 29 of the Complaint.

**Plaintiff's Response:**

Plaintiff objects to this request on the grounds that it is unduly burdensome in that the inquiry calls for a complex narrative response and is therefore appropriately explored at deposition rather than propounded in an interrogatory. *See, e.g., Kennedy v. Cont. Pharmacal Corp.*, 12 CV 2664 (JFB) (ETB), 2013 WL 1966219, *1 (E.D.N.Y. May 13, 2013) (collecting cases).

8.      Identify all Persons (as defined above) to whom You have given a statement, concerning the Events of February 6, whether written or oral, and for each such statement state: (i) the Person or entity to whom the statement; (ii) when the statement was given; (iii) whether the statement was written or oral; (iv) whether the statement is reflected in a written document; and (v) who was present when the statement was made and the Person's relationship to Plaintiff.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad, and unduly burdensome in seeking "oral statements," in that the phrase does not clearly delineate a universe of communications separate from everyday communications. Plaintiff further objects to this interrogatory to the extent it calls for disclosure of communications immune from discovery on grounds of attorney client privilege or work product doctrine. Subject to and without waiving the foregoing or his General Objections, plaintiff interprets this Interrogatory to ask about formal statements given to government entities or employees and responds: plaintiff gave no statements.

9.      Identify all media or news outlets with whom You, a member of your family, or any other Person of whom you are aware communicated regarding the Events of February 6, and for each communication, identify the individual(s) that communicated with each media or news outlet, the individual(s) associated with the media or news outlet with whom they communicated, and state the name of the news media or outlet.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information regarding the conduct of third parties and information that is publicly available and equally available to defendant Santana. Plaintiff further objects to this interrogatory to the extent it calls for disclosure of communications immune from discovery on grounds of attorney client privilege or

5

work product doctrine. Subject to and without waiving the foregoing or his General Objections, plaintiff interprets this Interrogatory to ask about interviews given by plaintiff to members of the news media and responds: plaintiff gave no interviews.

10.     Have You or anyone else You are aware of created, posted, or published any Social Media Posts relating to the Events of February 6? If yes, state the name of the creator or publisher of the post, the approximate date of the post, the content of the post, the platform, and whether the Social Media Post has been deleted.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information regarding posts by third parties and information that is publicly available and equally available to defendant Santana. Plaintiff further objects to this interrogatory to the extent it calls for disclosure of communications immune from discovery on grounds of attorney client privilege or work product doctrine. Subject to and without waiving the foregoing or his General Objections, plaintiff interprets this Interrogatory to ask about social media posts by him related to the Events of February 6 and responds: plaintiff made no such posts.

11.     Have You given, or has any family member of yours given, any sworn or unsworn testimony, speech, presentation, lecture, or interview concerning the Events of February? If yes, state (i) the name of the body or Person to whom the testimony, speech, presentation, lecture, or interview was given, (ii) the date of the testimony, speech, presentation, lecture, or interview, (iii) whether the testimony, speech, presentation, lecture, or interview was sworn or unsworn, and (iv) whether the testimony, speech, presentation, lecture, or interview was public or private and if private, who else was present.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information regarding statements by third parties and information that is publicly available and equally available to defendant Santana. Plaintiff further objects to this interrogatory to the extent it calls for disclosure of communications immune from discovery on grounds of attorney client privilege or work product doctrine. Subject to and without waiving the foregoing or his General Objections, plaintiff interprets this Interrogatory to ask about testimony, speeches presentations, lectures or interviews by him related to the Events of February 6 and responds: none.

12.     State all telephone numbers, email addresses, social media usernames, and

WhatsApp (or similar messaging service) usernames and profiles, both business and

personal, that you have used since January 1, 2019.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this interrogatory seeks irrelevant information that is beyond the scope of Rule 26. Notwithstanding, and without waiving or in any way limiting these objections or plaintiff's General Objections, plaintiff responds: DC Erick, DC_erick1, (646) 730-1812, erickedc1993@gmail.com.

13.     Have you ever been arrested or convicted, or received a citation or warning, for

a crime or violation of any kind in any country? If yes, identify each crime or violation,

the date of the arrest, conviction, warning or citation, the relevant law enforcement or

governmental authority that initiated or issued the charges, warning or citation or

rendered the conviction, the Court in which any proceeding against You was held, and

the disposition of each charge.

**Plaintiff's Response:**
Plaintiff objects on relevance grounds and on the grounds that this request is vague, ambiguous, unduly burdensome and insufficiently limited in time or scope. Notwithstanding, and construing this request to ask about domestic and international

arrests and convictions, and without limiting or waiving these objections or his General Objections, plaintiff responds: no.

14.     Identify all fundraising campaigns created by any Person relating to the Events of February 6, and for each, identify the Person(s) involved in the organization or administration of each fundraiser, the platform used, the dollar amount of money raised to date, and what medical expenses, if any, that have been paid with funds raised through fundraising campaigns

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome and seeks information regarding campaigns by third parties and information that is publicly available and equally available to defendant Santana. Plaintiff further objects to this interrogatory to the extent it calls for disclosure of communications immune from discovery on grounds of attorney client privilege or work product doctrine. Notwithstanding, and construing this request to ask about fundraisers of which plaintiff is aware, and without waiving or in any way limiting these objections or plaintiff's General Objections, plaintiff states, upon information and belief, pursuant to Fed. R. Civ. P. 33(d), that the answer to this Interrogatory may be determined by examining the records accessible at this link:

https://www.facebook.com/donate/573974793189220/.

15.     Between January 1, 2012 and the present, have you taken any classes in martial arts or worked out at any gym or fitness club? If yes, state the name and address of the facility, nature of your activities at the facility, and weekly or monthly usage of the facility.

**Plaintiff's Response:**
Plaintiff objects on relevance grounds and on the grounds that this request is vague, ambiguous and insufficiently limited in time and scope. Notwithstanding, and without limiting or waiving this objection or his General Objections, plaintiff responds: no.

<u>**Plaintiff's Responses to the Document Requests**</u>

1.      All documents referred to in Plaintiff's Initial Disclosures.

<u>**Plaintiff's Response:**</u>
Responsive, relevant, non-privileged documents in plaintiff's possession, custody or control will be produced.

2.      All communications, including but not limited to text messages, emails, letters, and Social Media Posts, relating to the Events of February 6.

<u>**Plaintiff's Response:**</u>
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks communications that are not relevant to the claims and defenses of the parties and material covered by the attorney-client and work-product privileges. Without waiving or in any way limiting these objections or plaintiff's General Objections, plaintiff will produce relevant, non-privileged documents responsive to this request to the extent they exist in plaintiff's possession, custody or control.

3.      All photographs, Video Recordings, and audio recordings depicting or capturing the Events of February 6 or any portion of those events, including but not limited to the cell phone videos and photographs referred to in Plaintiff's Initial Disclosures.

<u>**Plaintiff's Response:**</u>
Responsive documents in plaintiff's possession, custody or control will be produced.

4.      All photographs and Video Recordings depicting the facade, front steps, and/or sidewalk or street in front of 1755 West 12th Street, Brooklyn, New York, 11223, on or about February 6, 2020.

**<u>Plaintiff's Response:</u>**

Plaintiff objects on the grounds that this request is vague and ambiguous. Notwithstanding, responsive documents in plaintiff's possession, custody or control, if any, will be produced.

5.      All photographs and Video Recordings depicting any portion of the stretch of

West 12th Street between Highlawn Avenue and Quentin Road, Brooklyn, New York,

on or about February 6, 2020.

**<u>Plaintiff's Response:</u>**

Plaintiff objects on the grounds that this request is vague and ambiguous. Notwithstanding, responsive documents in plaintiff's possession, custody or control, if any, will be produced.

6.      All documents and communications, including photographs and Video

Recordings, describing or depicting the following individuals, their appearance, and/or

their attire, on or about February 6, 2020:

      a.      You
      b.      Mr. Avendaño-Hernandez
      c.      Defendant
      d.      John Doe 2
      e.      John Doe 3

**<u>Plaintiff's Response:</u>**

Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome, unintelligible inasmuch as a communication cannot depict an individual, and   is disproportionate to the needs of the case to the extent it seeks communications that are not relevant to the claims and defenses of the parties. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

7.      All documents and communications, including photographs and Video

Recordings, concerning any actual or potential witnesses or bystanders to the Events of

February 6.

**<u>Plaintiff's Response:</u>**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome, unintelligible inasmuch as it refers to potential witnesses, and disproportionate to the needs of the case to the extent it seeks communications that are not relevant to the claims and defenses of the parties. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

8.      All communications, including text messages, emails, and instant messages,

relating to the Events of February 6 between You and any of the following individuals:

Mr. Avendaño-Hernandez, Ms. Maria Del Carmen Cruz Molar ("Ms. Cruz Molar"),

Jennifer Escobedo Salazar, Kevin Yanez Cruz, Lisbeth Garcia, Maria Coretto, Avi Zlita,

and/or any other alleged, potential or actual witness to the Events of February 6.

**<u>Plaintiff's Response:</u>**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks communications that are not relevant to the claims and defenses of the parties. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

9.      All Social Media Posts relating to the Events of February 6.

**<u>Plaintiff's Response:</u>**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks posts that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks posts authored by third parties and posts that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these

objections or plaintiff's General Objections, and construing this request to seek posts made by plaintiff, there are no responsive documents in plaintiff's possession, custody or control.

10.    All documents and communications, including text messages and emails,

concerning any Social Media Post relating to the Events of February 6.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

11.    All documents and communications, including text messages, emails, and Social

Media Posts, relating to any press, news, or media coverage of the Events of February

6.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these objections or plaintiff's General Objections, and construing this request to seek documents sent or received by plaintiff, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

12.    All documents concerning or constituting communications, including but not

limited to interviews, presentations, conversations and discussions, between, on the one

hand, You or Ms. Cruz Molar or any other member of Your family, and, on the other

hand, any press, news, or media entity or any person affiliated with such entity.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome
and disproportionate to the needs of the case to the extent it seeks documents that are
not relevant to the claims and defenses of the parties. Plaintiff further objects to this
request on the grounds that it seeks documents authored by third parties and documents
that are not in plaintiff's possession, custody or control. Without waiving or in any way
limiting these objections or plaintiff's General Objections, and construing this request
to seek documents sent or received by plaintiff, relevant, responsive, non-privileged
documents in plaintiff's possession, custody or control, if any, will be produced.

13.     All documents concerning or constituting communications between, on the one

hand, You, Ms. Cruz Molar, or any other member of Your family and, on the other

hand, any public official, or staff member for a public official, relating to the Events of

February 6.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome
and disproportionate to the needs of the case to the extent it seeks documents that are
not relevant to the claims and defenses of the parties. Plaintiff further objects to this
request on the grounds that it seeks documents authored by third parties and documents
that are not in plaintiff's possession, custody or control. Without waiving or in any way
limiting these objections or plaintiff's General Objections, and construing this request
to seek documents sent or received by plaintiff, relevant, responsive, non-privileged
documents in plaintiff's possession, custody or control, if any, will be produced.

14.     All documents and communications, including any transcripts or notes, relating

to any testimony given to any public body, including the New York City Council, by

You, Ms. Cruz Molar, or any other alleged or actual witness to Events of February 6.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these objections or plaintiff's General Objections, and construing this request to seek documents sent or received by plaintiff, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

15.     All documents and communications relating to any public protests, demonstrations, or rallies concerning the Events of February 6 or concerning federal or state immigration enforcement policy and activities, including communications with organizations or individuals involved in the planning or organizing of such protests, demonstrations, or rallies.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these objections or plaintiff's General Objections, and construing this request to seek documents sent or received by plaintiff, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

16.     All documents and communications generated, received, or sent from January 1, 2017 to present relating to the Department of Homeland Security, U.S. Immigration and Customs Enforcement, New York City Police Department, or any other law enforcement or immigration enforcement agency, concerning Plaintiff, Ms. Cruz

Molar, Mr. Avendaño-Hernandez, or any other family member of Plaintiff.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties and expressly seeks documents outside of plaintiff's possession, custody or control. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

17.    All communications between You and any Person (as defined above) that has been Your employer or from whom you have earned income in the period January 25, 2020, to the present concerning (a) the Events of February 6; (b) any injuries you claim to have sustained as a result of the Events of February 6; and (c) any potential or actual return to work in the period since February 6, 2020.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

18.    All documents and communications concerning Defendant.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are

not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

19.   Documents sufficient to show the date, time, and duration of all phone calls, text

messages, instant messages, Social Media Posts, or emails made, sent, or received by You

on February 6, 2020.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

20.   Documents sufficient to show any email account and email address you have

used to send and/or receive email messages between January 1, 2019, and the present.

**Plaintiff's Response:**
*See* Plaintiff's objection and response to Interrogatory 12.

21.   All documents and communications, including text messages and emails, from

January 1, 2018 to present, relating to any event or occurrence in which Mr. Avendaño-

Hernandez was arrested, investigated, or contacted by any law enforcement agency, or

in which he engaged in any alleged or actual criminal activity, on or before February 6,

2020, including his arrest in connection with an allegedly forged license plate.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control.

22.   All documents and communications, including text messages and emails, from January 1, 2018 to present, relating to any actual or potential immigration enforcement activity concerning Mr. Avendaño-Hernandez, or any contacts between him and any immigration enforcement agency that took place on or before February 6, 2020.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control.

23.   All documents and communications relating to any fundraising activity in connection with the Events of February 6, including efforts to raise funds to pay Your medical or other expenses.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-

privileged documents in plaintiff's possession, custody or control, if any, will be produced.

24.     Documents sufficient to show any travel outside New York City You undertook between February 6, 2020, and the present, including airplane tickets, photocopies of Your passport(s), including stamped pages, entry documentation, and visa applications.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Plaintiff additionally objects on the grounds that travel outside New York City does not require a passport, airplane tickets, entry documentation or visa applications. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

25.     All documents and communications, including text messages, emails, and medical records, relating to any injuries or impairments You allege You sustained as a result of the Events of February 6 and for which you seek compensation in this action.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

26.     All Social Media Posts relating to any injuries You allege you sustained as result

of the Events of February 6 and for which you seek compensation in this action.

**<u>Plaintiff's Response:</u>**
Plaintiff objects to this request on the grounds that it is overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks documents that are not relevant to the claims and defenses of the parties. Plaintiff further objects to this request on the grounds that it seeks documents authored by third parties and documents that are not in plaintiff's possession, custody or control. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

27.     All documents and communications concerning or supporting the Complaint's

allegations that "the ICE officer fired a gun directly at Mr. Diaz Cruz's face", as set forth

in paragraph 2 of the Complaint.

**<u>Plaintiff's Response:</u>**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

28.     All documents and communications concerning or supporting the Complaint's

allegations that "neither Mr. Diaz Cruz nor anyone at the scene was armed", as set forth

in paragraph 3 of the Complaint.

**<u>Plaintiff's Response:</u>**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

29.     All documents and communications concerning or supporting the Complaint's

allegations that "the officers were not under threat by Mr. Diaz Cruz", as set forth in

paragraph 3 of the Complaint.

**<u>Plaintiff's Response:</u>**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible,
unduly burdensome and disproportionate to the needs of the case. Without waiving or
in any way limiting these objections or plaintiff's General Objections, relevant,
responsive, non-privileged documents in plaintiff's possession, custody or control, if
any, will be produced.

30.     All documents and communications concerning or supporting the Complaint's

allegations that the ICE officers were not "in immediate danger of deadly or serious

bodily harm", as set forth in paragraph 3 of the Complaint.

**<u>Plaintiff's Response:</u>**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible,
unduly burdensome and disproportionate to the needs of the case. Without waiving or
in any way limiting these objections or plaintiff's General Objections, relevant,
responsive, non-privileged documents in plaintiff's possession, custody or control, if
any, will be produced.

31.     All documents and communications concerning or supporting the Complaint's

allegations that this action stems from a "lawless shooting", as set forth in paragraph 4

of the Complaint.

**<u>Plaintiff's Response:</u>**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible,
unduly burdensome and disproportionate to the needs of the case. Without waiving or
in any way limiting these objections or plaintiff's General Objections, relevant,
responsive, non-privileged documents in plaintiff's possession, custody or control, if
any, will be produced.

32.     Documents sufficient to show that "Mr. Diaz Cruz works as the presiding assistant for the Mayor of Martinez de la Torre, Teresa Herrera Martinez, a position he has held for several years", as set forth in paragraph 14 of the Complaint.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

33.     All documents and communications concerning or supporting the Complaint's allegations that Defendant and John Doe 2 "engaged in a struggle in the middle of the street with Mr. Avendaño-Hernandez", as set forth in paragraph 22 of the Complaint.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

34.     All documents and communications concerning or supporting the Complaint's allegations that "several bystanders and neighbors were standing near the confrontation observing", including but not limited to Plaintiff's mother and little brother, as set forth in paragraph 26 of the Complaint.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or

in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

35.    All documents and communications concerning or supporting the Complaint's

allegations that Plaintiff "walked into the street towards his mother Carmen" and

"hugged her" prior to the shooting, as set forth in paragraph 27 of the Complaint.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

36.    All documents and communications concerning or supporting the Complaint's

allegations that ICE officers were "repeatedly using a taser" on Mr. Avendaño-

Hernandez, as set forth in paragraph 28 of the Complaint.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

37.    All documents and communications concerning or supporting the Complaint's

allegations that "Mr. Avendaño-Hernandez ran away from Defendant Santana and John

Doe 2, who were in the street, towards Carmen Cruz's home", as set forth in paragraph

29 of the Complaint.

**<u>Plaintiff's Response:</u>**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

38.   All documents and communications concerning or supporting the allegations in paragraphs 30 through 35 of the Complaint concerning the actions and physical locations of Defendant, Mr. Avendaño-Hernandez, and Plaintiff.

**<u>Plaintiff's Response:</u>**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Plaintiff further objects on the grounds that this request is defectively imprecise. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

39.   All documents and communications concerning or supporting the allegations in paragraph 36 of the Complaint that Defendant "did not give Mr. Diaz Cruz any verbal instructions to move away from Mr. Avendaño-Hernandez or to take, or cease, any action."

**<u>Plaintiff's Response:</u>**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

40.   All documents and communications concerning or supporting the Complaint's

allegations that "Seconds later" Mr. Diaz saw Defendant Santana reach with his right hand towards Defendant Santana's right hip, as set forth in paragraph 37 of the Complaint.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

41.    All documents and communications concerning or supporting the Complaint's allegations that Plaintiff believed "Santana was reaching for pepper spray", as set forth in paragraph 38 of the Complaint.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

42.    All documents and communications concerning or supporting the Complaint's allegations that Defendant "pointed it [a gun] at Mr. Diaz Cruz's face", set forth in paragraph 39 of the Complaint.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

43.    All documents and communications concerning or supporting the Complaint's

allegations that "Santana did not issue any warning to Mr. Diaz Cruz before firing", as

set forth in paragraph 40 of the Complaint.

<u>Plaintiff's Response:</u>
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible,
unduly burdensome and disproportionate to the needs of the case. Without waiving or
in any way limiting these objections or plaintiff's General Objections, relevant,
responsive, non-privileged documents in plaintiff's possession, custody or control, if
any, will be produced.

44.    All documents and communications concerning or supporting the Complaint's

allegations that Plaintiff "posed no danger to Defendant Santana", as set forth in

paragraph 44 of the Complaint.

<u>Plaintiff's Response:</u>
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible,
unduly burdensome and disproportionate to the needs of the case. Without waiving or
in any way limiting these objections or plaintiff's General Objections, relevant,
responsive, non-privileged documents in plaintiff's possession, custody or control, if
any, will be produced.

45.    All documents and communications concerning or supporting the Complaint's

allegations that Defendant "had no reason to believe he [Plaintiff] was armed", as set

forth in paragraph 45 of the Complaint.

<u>Plaintiff's Response:</u>
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible,
unduly burdensome and disproportionate to the needs of the case. Without waiving or
in any way limiting these objections or plaintiff's General Objections, relevant,
responsive, non-privileged documents in plaintiff's possession, custody or control, if
any, will be produced.

46.     All documents and communications concerning or supporting the Complaint's

allegations that Plaintiff was not wearing "clothing that could have concealed a

weapon", as set forth in paragraph 46 of the Complaint.

**<u>Plaintiff's Response:</u>**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible,
unduly burdensome and disproportionate to the needs of the case. Without waiving or
in any way limiting these objections or plaintiff's General Objections, relevant,
responsive, non-privileged documents in plaintiff's possession, custody or control, if
any, will be produced.

47.     All documents and communications concerning or supporting the Complaint's

allegations that "at no point did he [Plaintiff] reach his hands towards his pants", as set

forth in paragraph 46 of the Complaint.

**<u>Plaintiff's Response:</u>**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible,
unduly burdensome and disproportionate to the needs of the case. Without waiving or
in any way limiting these objections or plaintiff's General Objections, relevant,
responsive, non-privileged documents in plaintiff's possession, custody or control, if
any, will be produced.

48.     All documents and communications concerning or supporting the Complaint's

allegations that Plaintiff "made no threatening statements or movements", as set forth

in paragraph 47 of the Complaint.

**<u>Plaintiff's Response:</u>**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible,
unduly burdensome and disproportionate to the needs of the case. Without waiving or
in any way limiting these objections or plaintiff's General Objections, relevant,
responsive, non-privileged documents in plaintiff's possession, custody or control, if
any, will be produced.

49.    All documents and communications concerning or supporting the Complaint's

allegations that Defendant did not have "any legitimate reason to draw his firearm", as

set forth in paragraph 48 of the Complaint.

<u>Plaintiff's Response:</u>
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

50.    All documents and communications concerning or supporting the Complaint's

allegations that Defendant's actions were "unreasonable and excessive, and were

unnecessary", as set forth in paragraph 49 of the Complaint.

<u>Plaintiff's Response:</u>
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

51.    All documents and communications concerning or supporting the Complaint's

allegations that Defendant "acted intentionally with the specific purpose of causing

serious harm and/or death", as set forth in paragraph 49 of the Complaint.

<u>Plaintiff's Response:</u>
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

52.     All documents and communications concerning or supporting the Complaint's

allegations that Defendants' actions were "contrary to DHS policy", as set forth in

paragraph 51 of the Complaint.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible,
unduly burdensome and disproportionate to the needs of the case. Without waiving or
in any way limiting these objections or plaintiff's General Objections, relevant,
responsive, non-privileged documents in plaintiff's possession, custody or control, if
any, will be produced.

53.     All documents and communications concerning or supporting the Complaint's

allegations that Defendant "at no time could have reasonably believed that Mr. Diaz

Cruz posed an imminent threat", as set forth in paragraph 52 of the Complaint.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible,
unduly burdensome and disproportionate to the needs of the case. Without waiving or
in any way limiting these objections or plaintiff's General Objections, relevant,
responsive, non-privileged documents in plaintiff's possession, custody or control, if
any, will be produced.

54.     All documents and communications concerning or supporting the allegation in

the Complaint, and statements in Plaintiff's Initial Disclosures, setting forth (a)

Plaintiff's claimed injuries and harms, including physical, emotional, and economic, for

which he seeks compensation in this case, and (b) Plaintiff's medical and health

prognosis.

<u>**Plaintiff's Response:**</u>
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control will be produced.

55.     All documents and communications concerning or supporting the Complaint's

allegations that Plaintiff was shot "without justification," as set forth in paragraph 69 of

the Complaint.

<u>**Plaintiff's Response:**</u>
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

56.     All documents and communications concerning or supporting the Complaint's

allegations that Defendant acted "maliciously" and "with the purpose of causing harm

to Mr. Diaz Cruz without legal justification," as set forth in paragraph 78 of the

Complaint.

<u>**Plaintiff's Response:**</u>
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

57.     All documents and communications concerning or supporting the Complaint's

allegations that Defendant's actions were "unnecessary to achieve any legitimate law

enforcement objective," as set forth in paragraph 78 of the Complaint.

**Plaintiff's Response:**
Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

58.     Documents sufficient to show the earnings and/or income Plaintiff has received from January 1, 2014, through the present from any job or business.

**Plaintiff's Response:**
Plaintiff objects to this request on the grounds that it is premature, overbroad and insufficiently limited in time and scope. Plaintiff will provide expert disclosures, include expert disclosures regarding economic damages, in accordance with the Rule 16 Scheduling Order and the Federal Rules. *See also* Plaintiff's Rule 26(a)(1)(A)(iii) disclosures.

59.     Documents sufficient to show payments for Plaintiff's medical and health care expenses (i) made to any health care provider as a result of Plaintiff's injuries alleged to result from the Events of February 6, whether by Plaintiff or any other Person (as defined above), including any insurance company or government entity; and (ii) made to Plaintiff as reimbursement for out of pocket payments by Plaintiff.

**Plaintiff's Response:**

Plaintiff objects on the grounds that this request is vague, ambiguous, unintelligible, unduly burdensome and disproportionate to the needs of the case. Without waiving or in any way limiting these objections or plaintiff's General Objections, relevant, responsive, non-privileged documents in plaintiff's possession, custody or control, if any, will be produced.

Dated:     June 23, 2021
           New York, New York

                          ELEFTERAKIS, ELEFTERAKIS & PANEK

                          _____
                          Gabriel P. Harvis
                          Baree N. Fett
                          80 Pine Street, 38th Floor
                          New York, New York 10005
                          (212) 532-1116

                          *Attorneys for plaintiff*

To:   All Counsel (by e-mail)

31