

**eeplaw.com**
**80 Pine Street, 38th Floor**
**New York, New York 10005**
**T. 212.532.1116 F. 212.532.1176**

New Jersey Office
576 Main Street, Suite C
Chatham, New Jersey 07928

July 5, 2021

**BY ECF**
Honorable Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Diaz Cruz v. United States of America, et ano.*, 20 CV 891 (EK) (SJB)

Your Honor:

    I represent plaintiff in the above-referenced matter. I write in response to the application filed at DE #40 to respectfully oppose any stay of discovery.

    Pursuant to Rule III(b) of this Honorable Court's individual practices:

> There is no automatic stay of discovery, unless authorized by statute, should one or more defendants file a motion to dismiss. Discovery is only stayed if a party files a motion to stay discovery and the Court grants such a motion. A stay application, even on consent, must explain why a stay is warranted, including by demonstrating that the standards under Rule 26(c) have been satisfied.

    Earlier this year, in *Williams v. Scarcella*, this Honorable Court denied a discovery stay in a civil rights case where "[t]he motion fail[ed] to address any of the factors the Court evaluates in connection with a stay application." 20 CV 2348 (KAM) (SJB) (E.D.N.Y. Feb. 18, 2021). The Court in *Williams* quoted the factors from *Thomas v. New York City Dep't of Educ.*, 09 CV 5167 (SLT), 2010 WL 3709923, *3 (E.D.N.Y. Sept. 14, 2010): "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." (citation omitted). As in *Williams*, Mr. Santana fails to meaningfully address the governing factors, and good cause for a stay is lacking. *See Republic of Turkey v. Christie's,*

Hon. Sanket J. Bulsara
July 5, 2021

*Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) ("Discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed. A court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case.") (brackets, citations and internal quotation marks omitted).

As to the first factor, Mr. Santana does not even address plaintiff's FTCA claim, conceding its merit. Indeed, even as to his own *Bivens* motion, Santana presents no substantive argument, instead summarily referring the Court to his unfiled 33-page brief, aspects of which Santana plans to withdraw. DE #40, p. 1 n.1 & p. 3. We respectfully submit that this lackadaisical attempt to end-run the Court's page limit is unhelpful and improper, given that the analysis must account for the merit of *all of plaintiff's related claims*, and not an arbitrary subset in a premature procedural posture. *See Mulligan v. Long Island Univ.*, 18 CV 2885 (ERK) (SJB), 2018 WL 8014320, *1 (E.D.N.Y. Dec. 13, 2018) (Bulsara, J.) ("As to the first factor, the Court is in the position of having to assess the merits of the dispositive motion before it has been filed. That alone counsels against the stay being granted.") (citations omitted) (collecting cases); *Republic of Turkey*, 316 F. Supp 3d at 678 ("The Court at present is unable to fully assess the strength of the pending motion, since it only recently was filed, and opposition papers are not yet due."); *see also Chow v. SentosaCare, LLC*, 19 CV 3541 (FB) (SJB), 2020 WL 559704, *2 (E.D.N.Y. Jan. 23, 2020) (Bulsara, J.) ("[The motion to dismiss] does not resolve the question of the Center's liability. It is a potentially dispositive motion only as to the individual defendants….[W]here no dispositive motion has been filed with respect to the named plaintiff, and the motion has not even been briefed and is barely explained, [a stay of discovery] is inappropriate.").

The two cases Santana cites for this first factor support plaintiff's position as each involves, unlike here, a fully briefed and fully dispositive motion. *See* DE #40, p. 3 (citing *Valentini v. Group Health Inc.*, 20 CV 9526 (JPC), 2021 WL 861275, *1 (S.D.N.Y. Mar. 8, 2021) ("Defendants here have filed two Motions to Dismiss, which could result in dismissal of some, if not all, of Plaintiffs' claims.") and *Niv v. Hilton Hotels Corp.*, 06 CV 7839 (PKL), 2007 WL 510113, *1 (S.D.N.Y. Feb. 15, 2007) ("The defendants have indicated that they intend to move this Court to dismiss the action on the grounds of *forum non conveniens.*")). This is the opposite case: we are at the beginning of the briefing of a non-dispositive motion, where the FTCA claim arising from the catastrophic shooting injury is unchallenged and properly presented. Given the near certainty that Santana will be subject to the same discovery – i.e. a deposition and production of any statements – regardless of the outcome of his motion, and the legal technicality on which he seeks to prevail, plaintiff respectfully submits that this

factor weighs heavily in favor of denying the stay request. *Sanders v. Sheppard*, 16 CV 6526 (CBA) (SJB), 2019 WL 1574952, *2 (E.D.N.Y. Mar. 11, 2019) (Bulsara, J.) ("Brookdale has moved to dismiss while other defendants are litigating, and Plaintiff Sanders has demonstrated, with specificity, the nature and need for discovery from Brookdale. It is, therefore, appropriate to lift the stay and permit [plaintiff] to take the discovery that Brookdale inevitably will be forced to turn over.") (citing *Hollins v. U.S. Tennis Ass'n*, 469 F. Supp. 2d 67, 79 (E.D.N.Y. 2006)).

Mr. Santana's arguments on the second factor lack color and are misleading. For example, Santana purports to cite ¶ 10 of the amended complaint to argue that discovery is particularly burdensome here and a stay should enter because plaintiff is a Mexican citizen who presently lives in Mexico and thus, Santana argues, untold documents and "essential witnesses" may be "located outside of the United States." *See* DE #40, p. 3. However, when read together with ¶ 72 of the same pleading and given defense counsel's independent knowledge that plaintiff has remained in the United States (and that the other witnesses reside here), this factual contention lacks evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). Similarly, Mr. Santana's suggestion that this case will involve significant data collection and analysis, *see* DE #40, p. 3, is nugatory. Except for the severity of plaintiff's injuries, this is a run of the mill excessive force case, not a documents case. *See Mulligan*, 2018 WL 8014320 at *3 (quoting *Stanley Works Isr. LTD. v. 500 Grp., Inc.*, 17 CV 1765, 2018 WL 1960112, *3 (D. Conn. Apr. 26, 2018) for the proposition that "Defendants do not provide any information with respect to how the requests would result in an undue burden or expense, and the Court finds no support on the record before it for Defendants' conclusory contention that the requests seek extensive information that would result in a voluminous production. Accordingly, the Court concludes that the breadth of discovery is not broad nor does the burden on Defendants appear substantial, and this factor weighs against imposing a stay."); *see also PC-41 Doe v. Poly Prep Country Day Sch.*, 20 CV 3628 (DG) (SJB), 2021 WL 791834, *2 (E.D.N.Y. Mar. 1, 2021) (Bulsara, J.) ("[T]he stay factors focus on the degree of prejudice to the party *opposing* the stay—not to Defendants.") (emphasis in original). Indeed, Santana admits the falsity of this argument by revealing, at p. 4 of his letter, that only a "limited universe of ESI materials" remain to be discovered.

Santana also impermissibly purports to raise discovery disputes without conferring with plaintiff or providing the requisite certification. *See* DE #40, pp. 3-4 ("Among other deficiencies, Plaintiff has failed to answer interrogatories seeking identification of persons with relevant photographic and video evidence (see Exh. B at page 3, nos. 3 and 4), failures that will have to be litigated if they cannot be resolved given the importance of such evidence to Mr. Santana's defense.") (emphasis added).

This is a blatant violation of the "strictly enforced" Rule IV(B) of this Honorable Court's Individual Practices, which mandates denial of any discovery dispute raised without good faith conferral. *See also* Fed. R. Civ. P. 37(a); *CapRate Events, LLC v. Knobloch*, 17 CV 5907 (NGG) (SJB), 2018 WL 4378167, *1 (E.D.N.Y. Apr. 18, 2018) (Bulsara, J.) (discussing meet and confer requirements under Court's Individual Practices and Federal Rules). Given that Mr. Santana has not even attempted to confer regarding these inchoate issues, the Court should decline to entertain this branch of Mr. Santana's argument. Even if the Court were to reach this issue despite defendant's failures, it would be insufficient to justify the requested stay. *See, e.g.*, *Dickerson v. Novartis Corp.*, 15 CV 1980 (GHW), 2016 WL 9560056, *4 (S.D.N.Y. Apr. 11, 2016) ("[S]peculative assertion that 'there will likely be discovery disputes' is not a sufficient grounds for staying discovery…") (citation omitted).[1]

On the third factor, which concerns the potential prejudice to Mr. Diaz Cruz from the imposition of a discovery stay, Mr. Santana's only argument is the conclusory assertion that there is "no risk of unfair prejudice" to plaintiff because "if the motion is denied, the parties can promptly resume discovery." *See* DE #40, p. 3. This is incorrect for a variety of reasons. As indicated above, the discovery at issue is necessary whether the unfiled motion is ultimately granted or denied. Beyond that basic fact, which alone dispenses with Santana's argument under this factor, we respectfully note that Mr. Diaz Cruz will suffer very real and significant consequences if the stay is granted.

As a result of this tragic incident, Mr. Diaz Cruz, a lawful visitor to this country, has been required to retain immigration counsel and seek a discretionary extension of his visa. The longer this litigation drags on, the greater the likelihood that immigration authorities, who are arguably adverse to plaintiff in this litigation, may decline to approve an extension. This stressful and precarious position, and the possibility that he might be denied re-entry, is part of the reason Mr. Diaz Cruz remains in the United States and indefinitely away from his homeland. *See* Second Amended Complaint (DE #29), ¶ 72. Separately, granting Mr. Santana's application would deny plaintiff the opportunity to take Mr. Santana's deposition and those of other eyewitnesses. It is possible, if not likely, that further delay may make witness testimony and other evidence unavailable or diminish its quality. *See PC-41 Doe*, 2021 WL 791834 at *2 ("It is well-recognized that the potential loss of testimony is sufficient prejudice to warrant denial of a stay application.") (citations omitted) (collecting cases). Additionally, as disclosed

---

[1] Making matters worse, Santana scolds plaintiff for having allegedly "only recently" served discovery responses, DE #40, p. 3, without mentioning that plaintiff's response date was a direct result of defendant Santana's belated service of discovery demands.

Hon. Sanket J. Bulsara
July 5, 2021

for the first time in the government's June 25, 2021 submission, there is an active criminal investigation into this incident. DE #37. If anyone, such as Mr. Santana, were to be indicted in connection with the events in dispute, obtaining the outstanding will become more difficult, further militating against granting a discovery stay. *See, e.g., U.S. Commodity Futures Trading Comm'n v. A.S. Templeton Grp., Inc.*, 297 F. Supp. 2d 531, 534 (E.D.N.Y. 2003) ("Pre-indictment requests for a stay of civil proceedings are generally denied.") (citation omitted).[2]

In any event, since Mr. Santana failed to establish good cause with respect to the first and second factors, the stay application should be denied. *Mulligan*, 2018 WL 8014320 at *4 ("The lack of prejudice, however, would not entitle LIU to a discovery stay, since it has failed to meet its burden on the other two factors.") (citation omitted).

We also note, with some consternation, that Mr. Santana misrepresented the content of the meet and confer between his counsel and plaintiff's counsel on July 1, 2021. At p. 1 of his letter, Mr. Santana falsely claims that plaintiff "acknowledged the need for a stay of discovery," when, in fact, plaintiff has consistently maintained that no stay is warranted.

With respect to the discovery schedule and the settlement conference on July 14, 2021, plaintiff respectfully requests a sixty-day extension of discovery to allow for the exchange of remaining documents and fact witness depositions. As indicated at DE #37, plaintiff has no objection to a reasonable adjournment of the settlement conference to allow the government to obtain settlement authority.

Accordingly, plaintiff respectfully requests that the Court deny the requested discovery stay and extend fact discovery sixty days.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:     Defense Counsel

---

[2] If it should please the Court, the application submitted by the federal government fails to address the applicable factors, warranting denial. *See* DE #37; *Williams*, 20 CV 2348 (E.D.N.Y. Feb. 18, 2021). Moreover, for the reasons set forth herein, plaintiff respectfully submits that good cause is also lacking with respect to the government's request.