

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 24, 2021

***VIA ECF***

Honorable Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Erick Diaz Cruz v. United States of America and Henry V. Santana*
               Case No.: 20-CV-891 (EK) (SJB)

Dear Judge Bulsara:

       This Office represents Defendant United States of America in the above-referenced action. The United States respectfully requests that its response to the complaint be stayed for six months with leave to renew the request, pending the outcome of an open criminal investigation. The United States also requests that its responses to discovery demands – including the exchange of documents, responses to interrogatories, and production of witnesses for deposition – similarly be stayed for six months with leave to renew. The United States proposes that a status letter concerning the criminal investigation be filed with the Court every 45 days, or at an interval the Court believes is appropriate.

       By way of background, Plaintiff Erick Diaz Cruz commenced this action on February 20, 2020, against Immigration and Customs Enforcement ("ICE") Officer Henry V. Santana ("Co-Defendant"), asserting claims pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff alleges that Co-Defendant is individually liable for Constitutional violations stemming from a February 6, 2020 incident in which Co-Defendant shot Plaintiff. <u>See</u> Dkt. No. 1. On April 20, 2021, Plaintiff filed an Amended Complaint asserting claims against the United States arising from the same shooting. <u>See</u> Dkt. No. 29 ("Amended Complaint"). Plaintiff brings his claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-2680.

       On July 15, 2021, the parties appeared before the Court for a conference concerning the government's request for a stay of discovery. At that time, the Court denied the request with leave to renew. The government now renews its application, requesting a limited stay of discovery.

Investigation by the Department of Homeland Security's Office of Inspector General

The Department of Homeland Security's Office of the Inspector General ("DHS OIG") is currently working with the Criminal Division of the U.S. Attorney's Office, Eastern District of New York ("Criminal Division"), to complete an investigation into the shooting underlying this civil action.  See Declaration of Brian C. McCarthy, Special Agent in Charge, Department of Homeland Security Investigations, Office of Investigations ("McCarthy Decl."), attached hereto as Exhibit A.  Co-Defendant Santana is an ICE employee; ICE is one of the component agencies within the auspices of the DHS.  McCarthy Decl., ¶ 7.

Plaintiff and Co-Defendant have begun to exchange documents and information in their possession.  On July 28, 2021, Co-Defendant served on the United States interrogatories and requests for documents.  The undersigned forwarded those requests to DHS OIG, which responded by way of the McCarthy Declaration, explaining that the release of responsive information is would impede the ongoing criminal investigation.

As explained by Special Agent McCarthy, the production of documents at this stage would require the disclosure of law enforcement sensitive information.  McCarthy Decl., ¶¶ 11, 15, 17.  Further, certain responsive information has been obtained pursuant to grand jury subpoenas and is protected from disclosure by Rule 6(e) of the Federal Rules of Criminal Procedure.  Id., ¶ 12.  Moreover, requiring the government to produce responsive documents and information at this time could "taint the information that prospective witnesses provide to DHS OIG," or "may cause prospective witnesses to conform their testimony to the prior disclosed statements."  Id., ¶ 15.  Thus, responding to the discovery requests would negatively affect the criminal investigation into the shooting at issue.

Standard for Granting a Stay of a Civil Action During a Parallel Criminal Investigation

When the interests of justice so require, a district court has the inherent power to stay civil proceedings pending the completion of a parallel criminal trial.  SEC v. Carroll, No. 19 Civ. 7199 (AT), 2020 WL 1272287, at *2 (S.D.N.Y. Mar. 17, 2020); see also Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Generally, when parties request a stay in a civil action due to a pending parallel criminal case, a court considers several factors including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

2

Sec. & Exch. Comm'n v. Shkreli, No. 15-CV-7175 (KAM) (RML), 2016 WL 1122029, at *4 (E.D.N.Y. Mar. 22, 2016) (internal citations omitted).

However, the Second Circuit has observed that such tests serve only as a "rough guide," and do not replace a district court's "studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." Louis Vuitton Malletier S.A., 676 F.3d at 99. Moreover, "the balancing test articulated above does not perfectly map onto cases where the stay is sought by the government." Razak v. Leissner, No. 20-MC-387 (JGK), 2021 WL 2581560, at *2 (S.D.N.Y. June 22, 2021). Instead, "many courts have found that 'when both civil and criminal proceedings arise out of the same or related transactions, the government is entitled to a stay of all discovery in the civil action until disposition of the criminal matter.'" Id. (emphasis added) (quoting City of New York v. Gutlove & Shirvint, Inc., No. 08-cv-1372, 2008 WL 4862697, at *2 (E.D.N.Y. Nov. 10, 2008). See also F.D.I.C. v. Chuang, No. 85 Civ. 7468 (SWK), 1986 WL 3518, at *1 (S.D.N.Y. Mar. 17, 1986) ("When both civil and criminal proceedings arise out of the same or related transactions, the government is, as a general rule, entitled to a stay of all discovery in the civil action until disposition of the criminal matter.").

The government is generally entitled to a stay because of its unique interests, including "'concerns that (1) the broad disclosure of the essentials of the prosecution's case may lead to perjury and manufactured evidence; (2) the revelation of the identity of prospective witnesses may create the opportunity for intimidation; and (3) the criminal defendants may unfairly surprise the prosecution at trial with information developed through discovery, while the self-incrimination privilege would effectively block any attempts by the Government to discover relevant evidence from the defendants.'" Razak v. Leissner, 2021 WL 2581560, at *2 (quoting Nakash v. United States Dep't of Justice, 708 F. Supp. 1354, 1366 (S.D.N.Y. 1988)).

Further, the Second Circuit has recognized that the government has "a discernible interest" when it comes to civil cases involving parallel criminal matters, "to prevent discovery in [a] civil case from being used to circumvent the more limited scope of discovery [available] in [a] criminal matter." Sec. & Exch. Comm'n v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988). As discussed in more detail below, a limited stay of discovery is proper in this case.

<u>A Stay of Discovery Concerning the Government is Appropriate in this Case</u>

Applying the factors outlined above, a stay of the government's answer, responses to discovery requests, and production of witnesses is warranted in this case. The government requests the stay due to a pending government criminal investigation. Accordingly, the government is generally entitled to such a stay. Razak v. Leissner, 2021 WL 2581560, at *2; F.D.I.C. v. Chuang, 1986 WL 3518, at *1. Moreover, as outlined in the McCarthy declaration, requiring the government to produce responses to discovery requests and witnesses for deposition could "taint the information that prospective witnesses provide to DHS OIG," or "may cause prospective witnesses to conform their testimony to the prior disclosed statements." McCarthy Decl., ¶ 15. Courts have recognized that the concern that disclosure of information could lead to "perjury or manufactured evidence" weighs in favor of granting the government's

3

request for a stay.  Razak v. Leissner, 2021 WL 2581560, at *2; Nakash v. United States Dep't of Justice, 708 F. Supp. At 1366.

Additionally, when the stay is requested by a non-government party, courts consider six factors.  Those factors also weigh in favor of granting a limited stay here.

The first factor courts generally consider in evaluating a request for a stay of a civil case while a criminal matter is pending is whether the issues in the criminal case overlap with those presented in the civil case.  Sec. & Exch. Comm'n v. Shkreli, 2016 WL 1122029, at *4.  This first factor is weighed heavily in deciding whether to grant a stay.  Id. ("Courts have consistently recognized this [first factor] as a particularly significant factor" (citing Harris v. Nassau Cnty., No. 13-CV-4728, 2014 WL 3491286, at *3 (E.D.N.Y. July 11, 2014) ("The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues.")).

In this case, the issues overlap entirely.  The shooting that forms the underlying basis for the civil suit is the same shooting that DHS OIG and the Criminal Division are investigating.  Moreover, Plaintiff's allegations are that he was shot by Co-defendant and that the shooting was unjustified.  See Amended Complaint, ¶ 29 (alleging that Officer Santana "had no legitimate reason to draw his firearm.").  DHS OIG's investigation with the Criminal Division "involves allegations that an U.S. Immigration and Customs Officer used excessive force against the Plaintiff, Erick Diaz Cruz."  McCarthy Decl., ¶ 9.  Thus, this most important factor weighs in favor of the requested stay.

The second factor courts consider is the status of the criminal matter, including whether indictments have issued.  Sec. & Exch. Comm'n v. Sterritt, No. 21-CV-2008 (KAM)(PK), 2021 WL 2184942, at *4–5 (E.D.N.Y. May 28, 2021); see also Volmar Distributors, Inc. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter.").  At this time, no indictments have issued.  However, "[i]t is still possible to obtain a stay, even though an indictment or information has not yet been returned, if the Government is conducting an active parallel criminal investigation."  Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 7 F. Supp. 2d 523, 527 (D.N.J. 1998) (internal quotations omitted).  As mentioned above, the active parallel criminal investigation in this case weighs in favor of granting the government's stay request.

The third factor concerns the private interests of the Plaintiff in proceeding expeditiously weighed against any prejudice to Plaintiff as a result of the delay.  See Sec. & Exch. Comm'n v. Shkreli, 2016 WL 1122029, at *4.  In this instance, while the Plaintiff has an interest in moving the case forward in a prompt manner and a stay of the discovery from the government would delay proceedings in this case, the conclusion of the criminal investigation could also streamline discovery and lower the chances of duplicate efforts, as records from the agency following the conclusion of the criminal matter will likely include witness statements and investigative reports.

With respect to the private interests of and burden on the defendants – the fourth factor – defendant United States would benefit from the stay.  Indeed, the United States will be in the best position to determine appropriate litigation strategy, including which defenses are proper in

the civil action, once the criminal investigation has concluded. Co-defendant Santana, along with the plaintiff would have the advantage of the completed criminal investigation, including finalized agency documents and witness statements.

The final two factors include the interests of the courts and the public interest. Both factors weigh in favor of granting a stay in this case. As mentioned above, resolution of the criminal case could simplify discovery in the civil case, avoiding duplicate work and assisting in the management of the court's docket. See e.g., Sec. & Exch. Comm'n v. Shkreli, 2016 WL 1122029, at *6; Sec. & Exch. Comm'n v. LaGuardia, 435 F. Supp. 3d 616, 622 (S.D.N.Y. 2020) (noting that the conclusion of criminal proceedings could streamline civil proceedings).

With respect to the public interest, courts have found that "the public's interest in the effective enforcement of the criminal law is the paramount public concern." Sec. & Exch. Comm'n v. Sterritt, 2021 WL 2184942, at *6 (finding that the court's interests favored a stay of civil proceedings while the criminal matter was pending). See also Sec. & Exch. Comm'n v. LaGuardia, 435 F. Supp. 3d at 622 ("The Government and the public have an interest in ensuring that civil discovery is not used to circumvent limitations on discovery in criminal cases.") (internal quotations omitted)). Thus, the factors, considered together, weigh in favor of granting the stay.

Plaintiff and Co-Defendant have begun the exchange of discovery requests and responses and will likely continue that process. However, for the reasons mentioned above, including ensuring that the criminal investigation is completed without compromising its integrity, the government requests that its response to the complaint and its responses to Co-Defendant's interrogatories and requests for production of documents be stayed for six months with leave to renew the request at the end of the six-month period. The government also proposes that, in addition to the status updates to be filed by the government every 45 days, or at an interval the Court believes is appropriate, in the event that the criminal investigation concludes or results in an unsealed indictment, the government will inform the Court and the parties.

The government thanks the Court for considering this request.

    Respectfully submitted,

    JACQUELYN M. KASULIS
    ACTING UNITED STATES ATTORNEY

By:    s/ Dara A. Olds
    DARA A. OLDS
    Assistant United States Attorney
    (718) 254-6148
    dara.olds@usdoj.gov

cc:    All attorneys of record via ECF