IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ERICK DIAZ CRUZ, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-CV-891 |
| | ) | |
| UNITED STATES and HENRY V. SANTANA, Office of U.S. Immigration and Customs Enforcement | ) | |
| _____ | ) | |

**DECLARATION OF BRIAN C. MCCARTY**

I, Brian C. McCarthy, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows, relating to the above-captioned matter:

1. I am the Special Agent in Charge (SAC) for the Department of Homeland Security Office of Inspector General (DHS OIG), Office of Investigations (INV) New York Field Office and Boston Office.  I have served in this capacity since September 2020. Prior to my role as SAC, I served as the Assistant Special Agent in Charge (ASAC) from 2016 to September 2020.  Prior to accepting a position at DHS OIG as a Special Agent (SA) in 2009, I worked for the United States Secret Service as a SA where I began my career in law enforcement in 2002.

2. DHS OIG INV investigates allegations of criminal, civil, and administrative misconduct involving DHS employees, contractors, grantees, and programs.  These investigations can result in criminal prosecutions, fines, civil monetary penalties, administrative sanctions,

1

and personnel actions. Additionally, DHS OIG INV provides oversight and monitors the investigative activity of DHS' various internal affairs offices.

3. As the SAC for the New York Field Office and Boston Office, I am responsible for overseeing the mission work and investigations, which entails monitoring the overall progress of all investigations and approving final Reports of Investigation (ROIs). As the SAC, I supervise the ASAC, one Senior Special Agent (SSA) and six SAs in the New York Field Office and four SAs in the Boston Office.

4. I make this declaration for the purpose of explaining the nature of the documents sought by Plaintiff and Co-Defendant in this matter, and the harm that would befall DHS OIG and its mission should these documents be disclosed prior to the DHS OIG INV investigation being completed. To require the production of materials regarding ongoing DHS OIG audits, inspections, special reviews, or investigations would impede its statutory mission established in Sections 2 and 4 of the Inspector General Act of 1978 (IG Act), as amended, jeopardize DHS OIG's ability to conduct independent, objective oversight work for the benefit of policy-makers, and impair its ability to identify possible fraud, waste, and abuse through audits, inspections, special reviews, and investigations of the Department of Homeland Security ("DHS" or "the Department") and its component agencies.

5. DHS OIG is one of 75 Statutory Inspectors General across the federal government. Inspectors General are unique among federal officers, as they are charged with independent and unbiased oversight of each of their respective departments or agencies. This work is done pursuant to the authority of the IG Act, as amended. *See* 5 U.S.C. app. §§ 1-13. Congress is a key stakeholder, helping to guide the work of Inspectors General in identifying fraud, waste and abuse of taxpayer dollars and other government resources.

6. Under the IG Act, Inspectors General have a degree of discretion and autonomy that other executive branch officials do not have. Specifically, Inspectors General may: obtain access to any agency record; inspect, audit, and evaluate any agency program without the consent of the agency head; testify before Congress without clearing their remarks with the Administration; hire and fire staff; obtain legal advice from counsel independent of agency counsel; publish reports without clearing them through agency leadership; and manage their own organization's budgets. These unique authorities allow Inspectors General to complete their mission work in an independent and impartial manner.

7. Established by Congress in 2002, DHS OIG is charged with independent oversight of DHS and all its component agencies, by identifying and deterring fraud, waste, and abuse in the Department and its component agencies.[1] DHS OIG, as with all Inspectors General, is necessarily independent from the Department in order to conduct its mission work in an unbiased manner.

8. DHS OIG performs its oversight of the Department and its component agencies through audits, inspections, special reviews, and investigations of programs and operations. These terms denote distinct types of investigations and evaluations of DHS and its components. For instance, audits, which are conducted in accordance with Generally Accepted Government Auditing Standards, methodically examine the systems and processes employed by DHS, components, grantees, and contractors in carrying out essential

---

[1] Components of DHS include U.C. Citizenship and Immigration Services (USCIS), U.S. Coast Guard, U.S. Customs and Border Protection (CBP), Cybersecurity and Infrastructure Security Agency (CISA), Federal Emergency Management Agency (FEMA), Federal Law Enforcement Training Centers (FLETC), U.S. Immigration and Customs Enforcement (ICE), U.S. Secret Service (USSS), Transportation Security Administration (TSA), Management Directorate (MGMT), Science and Technology Directorate (S&T), Countering Weapon of Mass Destruction (CWMD), Office of Intelligence and Analysis (I&A), and Office of Operations Coordination (OPS).

programs and activities. Inspections typically are narrowly focused, include well-defined criteria, and are designed to provide information to decision makers in a timely manner. OIG investigations usually involve allegations of criminal, civil, and administrative misconduct involving DHS employees, contractors, grantees, and programs, and can result in criminal prosecutions, fines, civil monetary penalties, administrative sanctions, and personnel actions.

9. The investigation at issue in this case involves allegations that a U.S. Immigration and Customs and Enforcement (ICE) officer used excessive force against the Plaintiff, Eric Diaz. DHS OIG INV became aware of these allegations through ICE and began its investigation into these allegations on February 6, 2020. As explained more fully below, this investigation is ongoing.

10. As part of DHS OIG's investigation, OIG collected documents from ICE to assist in the review of the allegations against the ICE Officer and the development of the investigation. Such materials thus predate any final decisions as to whether and how to conclude the OIG investigation, including the contents of any final report, and are intended to be used in making those determinations. The materials at issue are the foundation of the DHS OIG's deliberative process and are material to DHS OIG's ongoing investigation.

11. Accordingly, the disclosure of such information collected from ICE, would inherently reveal the information which DHS OIG INV determined to be most salient to the investigation, which may compromise the integrity of the criminal investigation.

12. In the course of DHS OIG's investigation, information and evidence was also obtained pursuant to grand jury subpoenas issued by the United States Attorney's Office (USAO), Eastern District of New York (EDNY) and is protected under Rule 6(e) of the Federal

Rules of Criminal Procedure. A disclosure of such information would undermine Rule 6(e), which establishes a "General rule of Secrecy," providing that certain persons, including attorneys for the Government, "shall not disclose matters occurring before the grand jury, except as otherwise provided in [the] rules."

13. DHS OIG's investigation into the allegation at issue has not concluded and is under review by the USAO EDNY Criminal Division. Before any report is issued, DHS OIG will receive a final decision on prosecution from the USAO, EDNY. Pending the resolution of any judicial action, the final report of investigation will go through DHS OIG's multi-step quality control and review process. This process helps ensure the final report is factually accurate, legally supported, complies with DHS OIG standards, and clearly delivers the intended message.

14. The Plaintiff is also an integral part of DHS OIG's investigation and releasing ICE's records and/or pre-decisional materials that have not completed the USAO Criminal Division's review and gone through DHS OIG's multi-step quality control and review process may cause confusion or result in information or determinations that are draft, pre-decisional and not final.

15. In addition, exposing what DHS OIG has already collected, or what other witnesses have already told DHS OIG, could taint the information that prospective witnesses provide to DHS OIG, which would compromise the integrity of both this OIG investigation and future investigations. Specifically, releasing the information gathered in an ongoing investigation may cause prospective witnesses to conform their testimony to the prior disclosed statements, may intimidate them from assisting DHS OIG altogether, or may affect any future participation in unpredictable ways.

16. Furthermore, the disclosure of such information and documents during OIG's ongoing investigation would reveal law enforcement sensitive information, internal instruction, and guidance such as law enforcement techniques and internal investigative practices.

17. The investigators, inspectors, investigative counsel, and auditors who comprise the DHS OIG workforce would be hindered in their ability to work independently, without undue influence or interruption, if the methods and decisions underlying their work were disclosed while an active investigation was ongoing. Further, if the information at issue here were disclosed, it would reveal law enforcement sensitive information, statements, and evidence material to the criminal investigation and harm the integrity of that investigation.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 11th day of August 2021

_____
Brian C. McCarthy
Special Agent in Charge
Office of Investigations

Department of Homeland Security
Office of Inspector General