**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ERICK DIAZ CRUZ,

                        *Plaintiff,*

- against -

UNITED STATES OF AMERICA and HENRY V. SANTANA, Officer of U.S. Immigration and Customs Enforcement,

                        *Defendants*.

---

**No. 20 Civ. 891 (EK) (SJB)**

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT HENRY V. SANTANA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

---

**SCHLAM STONE & DOLAN LLP**

26 Broadway, 19th Floor
New York, New York 10004
Tel.: (212) 344-5400
Fax: (212) 344-7677

*Attorneys for Defendant Henry V. Santana*

September 3, 2021

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ................................................................................................................................. 2

I. The Complaint Fails To State A *Bivens* Claim ................................................................. 2

    A. Plaintiff Fails To Address Mr. Santana's Arguments Demonstrating That This Case Is "Different In A Meaningful Way" .................................................................. 2

    B. Plaintiff Fails To Address Mr. Santana's Arguments Demonstrating That Special Factors Counsel Hesitation ........................................................................................ 6

II. The Complaint Fails To Plead Essential Elements Of A Fourth And Fifth Amendment Claim .................................................................................................................................. 8

    A. Plaintiff Misunderstands The "Intent To Restrain" Requirement .............................. 8

    B. Plaintiff Fails To Grapple With The Alleged Facts That Make His Substantive Due Process Claim Implausible As A Matter Of Law ............................................. 10

CONCLUSION ............................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                            **Page**

*Boule v. Egbert*,
   998 F.3d 370 (9th Cir. 2021) ................................................................................................ 4, 7

*Abdoulaye v. Cimaglia*,
   No. 15-cv-4921, 2018 WL 1890488 (S.D.N.Y. Mar. 30, 2018) ............................................. 3

*Brendlin v. California*,
   551 U.S. 249 (2007) ............................................................................................................ 8-9

*Brower v. County of Inyo*,
   489 U.S. 593 (1989) ................................................................................................................ 9

*Bueno Diaz v. Mercurio*,
   442 F. Supp. 3d 701 (S.D.N.Y. 2020) .................................................................................... 4

*California v. Hodari D.*,
   499 U.S. 621 (1991) ................................................................................................................ 8

*Campbell v. City of Yonkers*,
   No. 19-cv-2117, 2020 WL 5548784 (S.D.N.Y. Sept. 16, 2020) ............................................ 45

*Davenport v. Borough of Homestead*,
   No. 2:13-cv-250, 2016 WL 5661733 (W.D. Pa. Sept. 30, 2016) ............................................ 9

*Gonzalez v. Hasty*,
   269 F. Supp. 3d 45 (E.D.N.Y. 2017) ...................................................................................... 3

*Hernandez v. Mesa*,
   140 S. Ct. 735 (2020)......................................................................................................... 3, 4

*Lehal v. Central Falls Detention Facility Corp.*,
   No. 13-cv-3923, 2019 WL 1447261 (S.D.N.Y. Mar. 15, 2019) ............................................. 4

*Loumiet v. United States*,
   948 F.3d 376 (D.C. Cir. 2020) ................................................................................................ 4

*Loumiet v. United States*,
   292 F. Supp. 3d 222 (D.D.C. 2017), *rev'd*, 948 F.3d 376 (D.C. Cir. 2020).............................. 4

*Martien v. City of Schenectady*,
   No. 04-cv-679, 2006 WL 1555565 (N.D.N.Y. June 2, 2006) ................................................. 9

*McLean v. Gutierrez*,
   No. 15-cv-275, 2017 WL 6887309 (C.D. Cal. Sept. 28, 2017) .......................................... 4-5

*Morgan v. Shivers*,
   No. 14-cv-7921, 2018 WL 618451 (S.D.N.Y. Jan. 29, 2018)................................................. 3

*Nelson v. City of Davis*,
   685 F.3d 867 (9th Cir. 2012) .................................................................................................. 9

*Ojo v. United States*,
   No. 16-cv-4112, 2019 WL 3852391 (E.D.N.Y. Aug. 15, 2019) ............................................. 3

*Oliveras v. Basile*,
   440 F. Supp. 3d 365 (S.D.N.Y. 2020) ..................................................................................... 3

*Prado v. Perez*,
   451 F. Supp. 3d 306 (S.D.N.Y. 2020) ..................................................................................... 4

*Sosa v. Bustos*,
   No. 17-cv-417, 2020 WL 1940550 (S.D.N.Y. April 22, 2020)............................................ 3, 6

*Style v. Mackey*,
   No. 17-cv-1691, 2020 WL 3055319 (E.D.N.Y. May 15, 2020)............................................... 3

*Tennessee v. Garner*,
   471 U.S. 1 (1985) .................................................................................................................... 9

*Torres v. Madrid*,
   141 S. Ct. 989 (2021)...................................................................................................... 8, 9, 10

*Tun-Cos v. Perotte*,
   922 F.3d 514 (4th Cir. 2019) ........................................................................................... 3, 4, 5

*Turkmen v. Ashcroft*,
   No. 02-cv-2307, 2018 WL 4026734 (E.D.N.Y. Aug. 13, 2018) ............................................. 7

*Webster v. City of New York*,
   333 F. Supp. 2d 184 (S.D.N.Y. 2004) ................................................................................... 10

*Zainc v. City of Waterbury*,
   603 F. Supp. 2d 368 (D. Conn. 2009)...................................................................................... 9

*Ziglar v. Abassi*,
   137 S. Ct. 1843 (2017).................................................................................................... 2, 3, 6

**Statutes**

28 U.S.C. § 2680(h) ...................................................................................................................... 7

**PRELIMINARY STATEMENT**

Plaintiff's opposition fails to contend with the reality that a straightforward application of *Ziglar v. Abassi* compels rejection of his *Bivens* claims for excessive force. The claims present a new *Bivens* context in every material respect, and special factors counsel hesitation in creating a new *Bivens* remedy, first and foremost because the FTCA provides an alternative remedy for the same conduct, a conclusion reached by nearly every Eastern and Southern District court to confront the question. Plaintiff's principal argument, that his Fourth Amendment claim presents no new context because, like *Bivens*, it is a Fourth Amendment claim against a law enforcement officer, argues at a level of generality precluded by *Ziglar*. That he alleges a serious physical injury does not change the analysis or conclusion.

Although the *Ziglar* analysis is dispositive, Plaintiff also fails to call into question Mr. Santana's showing that Plaintiff's Fourth and Fifth Amendment claims are not viable for independent reasons, either because there was no Fourth Amendment seizure or because the alleged conduct does not shock the conscience as a matter of law.

Furthermore, Mr. Santana does not "take[] the position" "throughout his brief" that Plaintiff's allegations "should be disregarded," as Plaintiff contends, Pl. Br. 2 n.2; the motion to dismiss assumes the truth of every well-pleaded factual allegation. While Plaintiff indeed pummeled Mr. Santana—a fact omitted from the Complaint in favor of false allegations that Plaintiff did nothing violent—the motion does not rely on that fact or ask the Court to credit it, but credits Plaintiff's false allegations that he was an innocent bystander who placed himself close to a chaotic struggle between an ICE agent and his fleeing target. Nor is any discovery needed to resolve the issues presented by the motion, as dismissal flows from unchanging facts appearing on the face of the Complaint.

Accordingly, the Complaint should be dismissed with prejudice as against Mr. Santana.

## ARGUMENT

### I. THE COMPLAINT FAILS TO STATE A *BIVENS* CLAIM

As Mr. Santana's opening brief details, in *Ziglar* the Supreme Court mandated a rigorous two-step inquiry to determine whether a *Bivens* claim is viable. At the first step, the court determines whether the case presents a new context—*i.e.*, whether it is "different in a meaningful way from previous *Bivens* cases decided by the [Supreme] Court." *Ziglar v. Abassi*, 137 S. Ct. 1843, 1857-59 (2017). If the case presents a new context, the court moves to the second step and determines whether "there are special factors counselling hesitation." *Id*. at 1857-58. If any special factors exist, then the purported *Bivens* claims should be dismissed. *Id.* As shown in Mr. Santana's opening brief and below, this case presents a new context for multiple, independent reasons. And, similarly, multiple, independent factors counsel hesitation. Plaintiff's opposition fails to show otherwise. His *Bivens* claims should be dismissed.

#### A. Plaintiff Fails To Address Mr. Santana's Arguments Demonstrating That This Case Is "Different In A Meaningful Way"

Mr. Santana's opening brief demonstrated that Plaintiff's allegations present a new context on a number of independent grounds.[1] *First*, the facts of this case are qualitatively different than those in *Bivens.* Mov. Br. 5-7. *Second*, unlike the plaintiff in *Bivens,* Plaintiff's claim is not for a violation of his privacy rights. Mov. Br. 7-10. *Third*, this case involves a different category of defendant, enforcing a different body of law. Mov. Br. 10-12. *Fourth*, the defendant here operated under a different legal mandate than in *Bivens.* Mov. Br. 12.

---

[1] Plaintiff concedes that his Fifth Amendment claim presents a new *Bivens* context. Pl. Br. 23.

2

As to each factor, Mr. Santana showed that the overwhelming majority of post-*Ziglar* decisions from the Eastern and Southern Districts of New York dismiss Fourth Amendment excessive force cases at pleading stage where any combination of those distinctions exist.  Mov. Br. 5-12.  Plaintiff ignores nearly all of this authority, however.[2]

Instead, Plaintiff's opposition relies on a fundamentally incorrect premise:  that to sustain a *Bivens* claim, he needs only to assert an "unlawful seizure[] by federal agents in violation of the Fourth Amendment."  Pl. Br. 9-10, 12-13, 16.  But that argument is squarely contradicted by the numerous decisions (cited in our brief but ignored by Plaintiff) dismissing Fourth Amendment excessive force claims against federal agents at the pleading stage.  *See* Mov. Br. 5-12.  Describing a *Bivens* claim at such a level of generality is clearly inconsistent with the Supreme Court's instruction that courts must "look beyond the constitutional provisions invoked" and examine the particular facts of each case.  *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020); *see also Tun-Cos v. Perotte*, 922 F.3d 514, 524 (4th Cir. 2019) ("arguing at so general a level . . . ignores the language of *Abbasi*"); *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 58 (E.D.N.Y. 2017) (recognition of *Bivens* cause of action "does not mean that any cause of action may lie under [the Fourth] Amendment").

Plaintiff also asserts, incorrectly, that allegations of "deliberately shooting an unarmed civilian bystander in the face" is a constitutional violation "*Bivens* is intended to remedy."  Pl. Br. 9, 16.  That argument does not withstand the *Ziglar* analysis, since the new context inquiry may be "easily satisfied" by "small" differences from *Bivens*.  *Ziglar*, 137 S. Ct. at 1865.  In any event,

---

[2] Plaintiff fails to address any of the following analogous decisions discussed in Mr. Santana's opening brief in which E.D.N.Y. and S.D.N.Y. courts dismissed *Bivens* claims for excessive force:  *Style v. Mackey*, No. 17-cv-1691 (ENV) (SJB), 2020 WL 3055319 (E.D.N.Y. May 15, 2020); *Ojo v. United States*, No. 16 CV 4112 (MKB) (LB), 2019 WL 3852391 (E.D.N.Y. Aug. 15, 2019); *Oliveras v. Basile*, 440 F. Supp. 3d 365 (S.D.N.Y. 2020); *Sosa v. Bustos*, No. 17 Civ. 417 (ER), 2020 WL 1940550 (S.D.N.Y. Apr. 22, 2020); *Abdoulaye v. Cimaglia*, No. 15-cv-4921 (PKC), 2018 WL 1890488 (S.D.N.Y. Mar. 30, 2018); *Morgan v. Shivers*, 1:14-cv-7921 (GHW), 2018 WL 618451 (S.D.N.Y. Jan. 29, 2018).

Plaintiff is wrong. In *Hernandez*, the Court dismissed *Bivens* claims against a federal agent for deliberately shooting (fatally) an unarmed civilian. *See Hernandez*, 140 S. Ct. at 739-40.

Plaintiff relies on a handful of distinguishable and unpersuasive cases addressed in Mr. Santana's opening brief: *Bueno Diaz v. Mercurio*, 442 F. Supp. 3d 701 (S.D.N.Y. 2020); *Lehal v. Central Falls Detention Facility Corp.,* No. 13-cv-3923 (DF), 2019 WL 1447261 (S.D.N.Y. Mar. 15, 2019); and *Prado v. Perez*, 451 F. Supp. 3d 306 (S.D.N.Y. 2020). As to *Bueno Diaz* and *Lehal*, neither involved a non-citizen plaintiff, or the enforcement of immigration law, or a plaintiff claiming to have been a bystander. In any event, as Mr. Santana's opening brief explains, those decisions misapplied the *Ziglar* analysis. Mov. Br. 8-9 n.1. As to *Prado*, the facts of that case differed from *Bivens* "only in that the federal agent defendants were employed by ICE rather than the FBI." 451 F. Supp. 3d at 315. The same cannot be said of this case. And *Prado* is unpersuasive for the reasons set forth in the Fourth Circuit's thorough and well-reasoned opinion in *Tun-Cos v. Perotte*, 922 F.3d 514 (4th Cir. 2019). *See* Mov. Br. 10-12.[3]

Plaintiff's opposition also cites two inapposite out-of-district decisions that actually undercut his arguments, *Loumiet v. United States*, 292 F. Supp. 3d 222 (D.D.C. 2017) and *McLean v. Gutierrez*, 15-CV-275 (RGK), 2017 WL 6887309 (C.D. Cal. Sept. 28, 2017). *Loumiet* involved First Amendment claims for retaliatory prosecution, and *it was reversed*—a fact omitted from Plaintiff's brief. *See Loumiet v. United States*, 948 F.3d 376, 382, 386 (D.C. Cir. 2020) (claim presented new *Bivens* context, reversing denial of motion to dismiss). *McLean* involved Eighth Amendment excessive force claims against a prison officials, which the court held resembled the

---

[3] In *Boule v. Egbert*, a case upon which Plaintiff relies in the special factors analysis, the Ninth Circuit similarly held that the mere fact that the claims involved agents enforcing immigration law constituted a new *Bivens* context. 998 F.3d 370, 387 (9th Cir. 2021) ("We agree that it is an extension, in that Agent Egbert is an agent of the border patrol rather than of the F.B.I.").

4

claims in *Carlson*. *McLean*, 2017 WL 6887309, at *18. These decisions do not help Plaintiff. Nor does the court's ruling in *Campbell v. City of Yonkers*, 2020 WL 5548784 (S.D.N.Y. Sept. 16, 2020), which concerned allegations of a failure to intervene to protect against the use of excessive force by FBI agents.

Likewise, Plaintiff's attempt to distinguish *Tun-Cos v. Perotte*—where the Fourth Circuit held that excessive force claims brought against ICE agents enforcing immigration law constituted a new context—is unavailing. First, Plaintiff mischaracterizes *Tun-Cos* as merely a "challenge to the enforcement of federal immigration laws and ICE's removal practices," Pl. Br. 15, as if to suggest it was not a *Bivens* case at all. That is patently incorrect. The complaint alleged that "ICE agents, in the context of enforcing the INA, violated their Fourth Amendment rights in stopping them, detaining them, and entering their home." *Tun-Cos*, 922 F.3d at 520. Their claims, therefore, were factually analogous to *Bivens*, yet the court held that they presented a new context given that defendants were ICE agents enforcing immigration law. *Id*. at 523-28.

Second, Plaintiff claims that *Tun-Cos* is distinguishable because it "involved plaintiffs who were themselves the subjects of immigration enforcement," as opposed to this case in which Plaintiff was "merely a bystander." Pl. Br. 15. But that distinction is not significant. As *Tun-Cos* stated, it is because "immigration enforcement is by its nature addressed towards noncitizens" that it "raises a host of considerations and concerns that are simply absent in the majority of traditional law enforcement contexts." *Tun-Cos*, 922 F.3d at 524. Plaintiff is a non-citizen and he challenges the conduct of an ICE agent while engaged in ICE's core function of enforcing immigration law against another non-citizen. *Tun-Cos* is directly on point.

Finally, Plaintiff contends that Mr. Santana operated under the same legal mandate as in *Bivens*, alleging for the first time that Mr. Santana had "no warrant or other justification when he

5

violently seized Mr. Diaz Cruz," Pl. Br. 14 n.6, and that the arrest of the target was not "lawful," Pl. Br. 2 n.2. But the theory of the Complaint is that Plaintiff was a bystander, not the target of the enforcement operation, *see*, *e.g.*, Pl. Br. 9, 14, 15, which Plaintiff's factual allegations make clear was directed at Avendaño-Hernandez. And "[n]owhere in" Plaintiff's "counseled, Amended Complaint," is there any suggestion that the operation against Avendaño-Hernandez was other than lawful. *Sosa v. Bustos*, No. 17 Civ. 417 (ER), 2020 WL 1940550, at *3-4 (S.D.N.Y. Apr. 22, 2020). It is "axiomatic" that the Complaint "cannot be amended by the briefs in opposition to a motion to dismiss," *id.* (internal quotations omitted), and use of the word lawful to describe the operation against Avendaño-Hernandez does not create an issue of fact. Even if it were alleged to be unlawful that would not change the *Ziglar* analysis.

### B. Plaintiff Fails To Address Mr. Santana's Arguments Demonstrating That Special Factors Counsel Hesitation

Mr. Santana's opening brief also demonstrated that multiple, independent factors counsel hesitation in this case, including the availability of an FTCA remedy, Mov. Br. 12-15; the presence of diplomacy issues and separation of powers concerns, Mov. Br. 15-17; and the unlikelihood that Plaintiff has alleged a Fourth or Fifth Amendment violation, Mov. Br. 17-23.

As to the FTCA, Mr. Santana's opening brief showed that every post-*Ziglar* decision in the E.D.N.Y. addressing excessive force claims, and the overwhelming majority of those in the S.D.N.Y., determined that the availability of the FTCA counsels hesitation. Mov. Br. 14.

Plaintiff's opposition literally ignores these decisions and instead urges the court to adopt an unjustifiably narrow application of the "alternative process" analysis. He contends, incorrectly, that the court must "determine whether there is any 'alternative process' capable of protecting the *constitutional* interests at stake." Pl. Br. 17 (emphasis added). But *Ziglar* did not limit the analysis to whether the alternative process specifically remedies a "constitutional" violation. Rather, *Ziglar*

6

counseled hesitation where "Congress has created any alternative, existing process for protecting the injured party's interest.'" *Ziglar*, 137 S. Ct. at 1858 (internal quotes and alterations omitted). As explained in Mr. Santana's opening brief and cited cases, the FTCA protects Plaintiff's interests by providing a remedy for the same conduct underlying his *Bivens* claim—*i.e.*, alleged "assault" and "battery" by a U.S. law enforcement officer. 28 U.S.C. § 2680(h); *see also* Mov. Br. 13-15.

Indeed, courts within this district have roundly rejected such a narrow construction of the "alternative process" analysis following *Ziglar*. Magistrate Judge Gold, for example, observed that "[t]he analysis in *Carlson* [that the FTCA was a parallel, not alternative, remedy] . . . cannot survive *Ziglar*. . . . *Ziglar* takes a far broader view of those alternative remedies that foreclose assertion of a claim under *Bivens*." *Turkmen v. Ashcroft*, No. 02-cv-2307, 2018 WL 4026734, at *9-10 (E.D.N.Y. Aug. 13, 2018). Thus, "[b]ecause plaintiffs could have brought their claims under the FTCA and been awarded damages for their injuries if they prevailed, *Ziglar* counsels that their *Bivens* claims should be dismissed." *Id.* at *11; *see also* Mov. Br. 13-14 (collecting cases).

With respect to diplomacy and separation of powers concerns in the immigration context, Plaintiff's opposition does not squarely address Mr. Santana's arguments. *See* Mov. Br. 15-17; *compare* Pl. Br. 17-19. Instead, Plaintiff relies exclusively on an inapposite decision from the Ninth Circuit, *Boule v. Egbert*, 998 F.3d 370 (9th Cir. 2021). The court there extended *Bivens* liability to an excessive force claim against a border patrol agent, but only because the plaintiff was "a United States citizen, complaining of harm suffered on his own property" (like Bivens). *Id.* at 388. Those are plainly not the facts here.[4]

---

[4] Given Plaintiff's selective quotation of a comment made at argument on defendants' stay motions by counsel for the United States concerning a related criminal investigation, *see* Pl. Br. 6 n.4, it bears informing the Court that counsel's full statement was that "other parties," not just defendant, are also being investigated. July 15, 2021 Hr'g Tr. 5:6-17, attached as Exhibit A to accompanying Wolstein Declaration dated Sept. 3, 2021. Nor does defense counsel's argument, in the context of defendants' stay motions (ECF

7

## II.  THE COMPLAINT FAILS TO PLEAD ESSENTIAL ELEMENTS OF A FOURTH AND FIFTH AMENDMENT CLAIM

### A.  Plaintiff Misunderstands The "Intent To Restrain" Requirement

While acknowledging that a seizure requires an intent to restrain, *see* Pl. Br. 21, Plaintiff misunderstands the import of this element.  Absent factual allegations suggesting that Mr. Santana intended to restrain Plaintiff for purposes of apprehending him, there was no seizure by force and can be no Fourth Amendment violation.

A seizure by force "requires the use of force *with intent to restrain*."  *Torres v. Madrid*, 141 S. Ct. 989, 998 (2021) (emphasis in original).  *Torres* expressly distinguished force used "with intent to restrain" from other uses of force that "will not qualify" as seizures, including "accidental force" or "force intentionally applied for some other purpose."  141 S. Ct. at 998.  Thus, it is not true that applications of physical force "are always seizures," as Plaintiff argues.  Pl. Br. 21.  *See Torres*, 141 U.S. at 998 (not "every physical contact" is "a Fourth Amendment seizure").

Plaintiff fails to acknowledge that distinct analyses apply to seizures by force and seizures by control or a show of authority, each of which "enjoys a separate common law pedigree that gives rise to a separate rule."  *Id.* at 1001.  Accordingly, Plaintiff's cases involving seizures by a show of authority, *see* Pl. Br. 20-22, do not govern here.  *See California v. Hodari D.*, 499 U.S. 621, 625-26 (1991) (issue was seizure "with respect to a show of authority," since as of moment plaintiff dropped drugs he sought to suppress officer had not touched the plaintiff);[5] *Brendlin v. California*, 551 U.S. 249, 255 (2007) (applying "test for telling when a seizure occurs in response

---

Nos. 37 and 40), as to the importance to discovery of an unproduced video possessed by the government, Pl. Br. 2 n.2, suggest that discovery is needed to resolve this motion, which it manifestly is not.

[5] *Hodari D.* also discussed the common law background of seizures by use of force, on which the *Torres* Court drew.  *See* Mov. Br. 18-19.

8

to authority").[6] *Torres*' rejection of Plaintiff's proposed test from *Brower v. County of Inyo*, 489 U.S. 593 (1989), relating to seizures by control, Pl. Br. 20, is addressed in Mr. Santana's opening brief (at 19). Thus, "use of force with intent to restrain" must mean something other than conduct that "curtail[s] an individual's freedom of movement." Pl. Br. 22.

By contrast, Plaintiff's cases involving seizures by force reflect the necessary element of "intent to restrain" for purposes of apprehending. *See Tennessee v. Garner*, 471 U.S. 1, 7 (1985) ("apprehension by the use of deadly force is a seizure"), *cited in* Pl. Br. 20; *see also Davenport v. Borough of Homestead*, No. 2:13CV250, 2016 WL 5661733, at *15 (W.D. Pa. Sept. 30, 2016) (same, quoting *Garner*), *cited in* Pl. Br. 22. Plaintiff's use of ellipsis in quoting *Davenport* hides the court's recognition that the officer's intent to apprehend the subject of the force was critical to the shooting being deemed a seizure. *See id.* at *16 (if "the officer fires his gun directly at the innocent bystander *in the mistaken belief that the bystander is the robber*, then a Fourth Amendment seizure has occurred") (emphasized portion omitted by Plaintiff); *Zainc v. City of Waterbury*, 603 F. Supp. 2d 368, 383 (D. Conn. 2009) (defendant "was placing Zainc under arrest or otherwise seizing Zainc[] at the time of physical contact"); *cf. Martien v. City of Schenectady*, 04-CV-679 (FJS/RFT), 2006 WL 1555565, at *2 (N.D.N.Y. June 2, 2006) (officer's kicking in passenger-side car door during traffic stop did not support excessive force claim; passenger not apprehended); *see also* Mov. Br. 20 (addressing *Davenport*, *Martien*, and *Zainc*).

Contrary to Plaintiff's suggestion, *see* Pl. Br. 22, none of his cited cases suggest that either Plaintiff or Avendaño-Hernandez will do as the object of Santana's intent to restrain. Intent to

---

[6] The court in *Nelson v. City of Davis*, 685 F.3d 867, 876 n.4 (9th Cir. 2012), ruled that the plaintiff was seized both by force and by a show of authority when an officer shot a pepperball to disperse a crowd that hit the plaintiff, because he submitted to the authority.

9

restrain is an element of a plaintiff's claim of seizure. *See Torres*, 141 S. Ct. at 998. Because Mr. Santana's intent was not directed at Plaintiff, there was no seizure of Plaintiff.

    **B.    Plaintiff Fails To Grapple With The Alleged Facts That Make His Substantive Due Process Claim Implausible As A Matter Of Law**

Plaintiff offers little substantive argument in support of his separate Fifth Amendment claim. While he argues that Mr. Santana used deadly force "causing catastrophic injury," Pl. Br. 22-23, the severity of a plaintiff's injuries is "not determinative" of whether government conduct shocks the conscience. *Webster v. City of New York*, 333 F. Supp. 2d 184, 197 (S.D.N.Y. 2004).

Plaintiff also fails to address Mr. Santana's argument that only one plausible inference can be drawn from the Complaint: that Plaintiff was shot after he inserted himself into an ongoing struggle involving an armed officer, and that his injuries were therefore entirely foreseeable rather than the result of conscience-shocking conduct. *See* Mov. Br. 22; Compl. ¶¶ 28-34. Plaintiff has not alleged a Fifth Amendment excessive force claim as a matter of law.[7]

## CONCLUSION

For the reasons set forth in Mr. Santana's moving brief and above, the Court should dismiss Plaintiff's Second Amended Complaint in its entirety and with prejudice as against Mr. Santana.

Dated: New York, New York  
       September 3, 2021

Respectfully submitted,

**SCHLAM STONE & DOLAN LLP**

By:   *s/ Elizabeth Wolstein*  
      Elizabeth Wolstein  
      Douglas A. Grover  
      David J. Goldsmith  
      Michael A. Brodlieb  
      26 Broadway  
      New York, New York 10004  
      Telephone: (212) 344-5400

---

[7] Mr. Santana withdraws his request to stay discovery made in his opening brief, having instead moved before the Magistrate Judge (ECF No. 40), who denied the motion (July 15, 2021 Minute Entry and Order).

10

                 Facsimile: (212) 344-7677
                 E-Mail: ewolstein@schlamstone.com

                 *Attorneys for Defendant*
                 *Henry V. Santana*