David J. Goldsmith
Partner

Direct: 212 612-1220
dgoldsmith@schlamstone.com

SCHLAM STONE & DOLAN LLP

26 Broadway, New York, NY 10004
Main: 212 344-5400   Fax: 212 344-7677
schlamstone.com

June 22, 2022

By ECF

Hon. Eric Komitee
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Diaz Cruz v. United States & Henry V. Santana*,
       No. 20-CV-00891 (EK) (SJB)

Dear Judge Komitee:

This Firm represents Defendant Henry V. Santana, a U.S. Immigration and Customs Enforcement Officer, in the above-referenced *Bivens* and Federal Tort Claims Act action. We write respectfully to bring to the Court's attention the recent decision of the Supreme Court of the United States in *Egbert v. Boule*, 596 U.S. ___, No. 21-147, 2022 WL 2056291 (U.S. June 8, 2022) ("Op.," slip opinion attached).

The Supreme Court held in *Egbert* that the Ninth Circuit "plainly erred" in extending the *Bivens* remedy to a Fourth Amendment excessive force claim in the immigration context. Op. at 9. *Egbert* effectively forecloses Plaintiff's *Bivens* claims against Officer Santana, which are the subject of a fully briefed motion to dismiss. *See* ECF Nos. 48 to 48-5.

In *Egbert*, plaintiff Robert Boule brought a Fourth Amendment excessive force claim against a Border Patrol agent in his individual capacity, invoking *Bivens.* Op. at 5. During the course of Agent Egbert's investigation into the immigration status and illegal activity of a third party—a Turkish national who was a guest at Boule's bed and breakfast—Agent Egbert entered Boule's property. *Id.* at 4. When Boule intervened in the enforcement action (as did Plaintiff here) and instructed Agent Egbert to leave his property, Agent Egbert allegedly lifted Boule off the ground and threw him against an SUV, and then to the ground. *Id.*

In its now-reversed decision—upon which Plaintiff relied heavily in his opposition to Officer Santana's motion to dismiss (*see* ECF No. 48-3, at 18-19)—the Ninth Circuit ruled that while Boule's claims presented a new context for *Bivens* purposes (*Ziglar* step 1[1]), there was no

---

[1] *See Ziglar v. Abassi*, 137 S. Ct. 1843 (2017).

reason to hesitate before recognizing a new cause of action under *Bivens* (*Ziglar* step 2). Op. at 9. In the Ninth Circuit's view, Boule's claims were "conventional" Fourth Amendment claims and there was little national security risk in recognizing a *Bivens* claim when a federal agent was not "literally at the border." *Id.* at 10. Weighing the costs imposed by allowing the *Bivens* claim to proceed against the benefits of protecting U.S. citizens on their own property, the Ninth Circuit extended the *Bivens* remedy. *Id.* at 11.

The Supreme Court reversed, holding that the Ninth Circuit's analysis was "deeply flawed." *Id.* The Court explained that in undertaking a *Bivens* inquiry, "[a] court faces only one question: whether there is *any* rational reason (even one) to think that *Congress* is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (emphases in original) (quoting *Ziglar v. Abassi*, 137 S. Ct. 1843, 1858 (2017)). Put another way, "[i]f there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* at 7 (quoting *Hernández v. Mesa*, 140 S. Ct. 735, 743 (2020)).

In reaffirming the narrowness of this standard, the Supreme Court held that there were at least two independent reasons not to recognize a *Bivens* action under the circumstances:
(1) "Congress is better positioned to create remedies in the border-security context," *id.* at 9, because, as the Court had long recognized, "[m]atters intimately related to foreign policy and national security are rarely proper subjects for judicial intervention," *id.* at 10 (quoting *Haig v. Agee*, 453 U.S. 280, 292 (1981)); and (2) because "the Government already has provided alternative remedies that protect plaintiffs like Boule." *Id.* at 9. The Court made clear that the question whether a new *Bivens* remedy is appropriate must not be asked at "a narrow level of generality" that focuses on "the balance of circumstances in the particular case." *Id.* at 11 (internal quotation marks and alterations omitted). Rather, the question was "whether a court is competent to authorize a damages action not just against Agent Egbert but against Border Patrol agents generally," and the answer, "plainly," was no. *Id.* at 11-12.

*Egbert* leaves no doubt that Plaintiff's *Bivens* claims fail to state a claim against Officer Santana. Here, the *Bivens* claims are asserted against an ICE officer and arise out of an immigration enforcement action against an alien subject to deportation. Plaintiff has been provided alternative remedies by the government, including the FTCA claims asserted in this action. Such a context is equally unsuited to the courts' creation of a new *Bivens* remedy for all the reasons set forth in our briefs and articulated in *Egbert*. *See* ECF Nos. 48-1, 48-4.

In *Egbert*, moreover, the Supreme Court specifically rejected the primary argument that Plaintiff presses here—that his purported *Bivens* claim can proceed because it is a "conventional" or, in Plaintiff's words, a "run of the mill" excessive force claim. ECF No. 48-3, at 9-12, 15. In rejecting that premise, the Court explained that "[w]hile *Bivens* and this

case do involve similar allegations of excessive force and thus arguably present 'almost parallel circumstances' or a similar 'mechanism of injury,' these superficial similarities are not enough to support the judicial creation of a cause of action." Op. at 10 (quoting *Ziglar*, 137 S. Ct. at 1859).

For the reasons articulated in *Egbert v. Boule*, as well those set forth in Officer Santana's briefs in support of his motion to dismiss, Plaintiff's Second Amended Complaint should be dismissed with prejudice as against Officer Santana.

We are available to respond to any questions the Court may have or to submit supplemental briefing on this issue.

Respectfully submitted,

*/s/ David J. Goldsmith*

David J. Goldsmith

Att.

cc: All Counsel of Record
(by ECF)